### LEWIS v. STEVES SASH & DOOR CO.

#### No. 4338.

Court of Civil Appeals of Texas. El Paso.

Oct. 28, 1943.

Rehearing Denied Nov. 18, 1943.

E. P. Lipscomb, of San Antonio, for appellant.

Eskridge, Groce & Chiles and A. C. Lesher, Jr., all of San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in Bexar County. Gilbert Lewis, through his father, Arthur J. Lewis, as next friend, filed suit against the Steves Sash & Door Company, a corporation, to recover damages for personal injuries alleged to have been inflicted by said defendant. The personal injuries charged were alleged to have been inflicted upon the plaintiff before his birth through the negligence in striking his mother by one of defendant's trucks; that the said violence to his mother caused him to be born dumb. Defendant specially excepted to these allegations, in substance, that plaintiff's petition showed that at the time of the alleged injury to Virginia Lewis, the plaintiff was not in being, but was an unborn child, and that hence it has no right of recovery. The trial court sustained this special exception and, on plaintiff declining to amend, dismissed the case. Plaintiff perfected this appeal therefrom.

In our opinion the action of the trial court was correct. The case is governed by the case of Magnolia Coca Cola Bottling Company v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513. The opinion of Judge Smedley in that case was expressly adopted as the opinion of the Supreme Court. The case of Nelson v. G., H. & S. A. R. R. Co., 78 Tex. 621, 14 S.W. 1021, 11 L.R.A. 391, 22 Am.St.Rep. 81, relied upon by appellant, is discussed and distinguished.

If we correctly understand the case of Magnolia Coca Cola Bottling Co. v. Jordan, supra, it was there held that the parents of a child could not recover for prenatal injuries to the child because the child, had it survived, could not have recovered. The question is discussed and considered with great learning and ability. The disposition of the case accords with the overwhelming weight of authority. See 20 A.L.R. 1505; 97 A.L.R. 1524.

It is ordered that the judgment be in all things affirmed.

WALTHALL, J., not participating.