GUSTAVE A. NELSON v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

No. 6813.

1. **Posthumous Child May Recover for Parent's Death.**—Article 2903, Revised Statutes, provides the action (for negligently, etc., causing death of a person) "shall be for the sole and exclusive benefit of * * * children * * * of the person whose death shall have been so caused," etc. The word *children* used in the statute includes a posthumous child. Such child is entitled equally with other children of the deceased to the benefit of such action.

2. **Practice—Suit for Negligently Causing Death of Parent.**—In a railway collision a man was killed under circumstances fixing liability upon the railway. The widow of the deceased prosecuted to judgment a suit for the benefit of herself and a daughter. A son was born after the father's death. Suit was brought in favor of the son more than one year after the death of the father. *Held*, if the amount of compensation of the son had not been included in the former suit, upon no principle of reason should he be precluded from recovery by the judgment in which his rights were not considered; nor was the suit in behalf of the minor plaintiff barred because not brought within one year after the cause of action accrued.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.

The opinion states the case.

*McLeary & King* and *H. E. Barnard,* for appellant.— 1. The plaintiff, though unborn at the time of his father's death on being born had the right under the statute in a proper suit to recover such damages as he had suffered by reason of the injuries resulting in his father's death through defendant's negligence. 2 Sayles' Civ. Stats, arts. 2903, 3202, 3222; Harper v. Archer, 43 Am. Dec., 474, note; 4 Kent, 249; 1 Wend. Blacks., 130, note 5, and citations; 2 Bouv. Dic., 353, title "Posthumous Child"; 3 Bac. Abr., pp. 582, 583.

2. The statute of limitations can not run against an unborn child nor against a minor child, such being specially excepted from the operation of the statute. Rev. Stats., art. 3222; Hanks v. Crosby, 64 Texas, 483; Lacy v. Williams, 8 Texas, 182.

*C. Upson,* for appellee.— 1. In an action for damages for the death of

any person caused by the negligence of another there is but one cause of action, which accrues at the time of the death of the party injured, and the action shall be for the sole or exclusive benefit of the surviving husband, wife, children, and parents of the deceased who are alive or in being, and there can be but one recovery.

2. If at the time the cause of action accrues there is any person in being, laboring under no disability, entitled to sue for and recover such damages, such action must be brought within one year after the cause of action accrues. The court below did not, therefore, err in sustaining the appellee's exceptions to the appellant's petition, and the appellant declining to amend, in dismissing his suit.

3. If a posthumous child is entitled to a portion of the money paid or recovered on account of the death of its father, that would be a matter of adjustment or settlement between itself and the survivors who had received such money in compensation for the death of the party killed. Rev. Stats., arts. 2889, 2903, 2905, 3202; Railway v. Sanders, 5 S. W. Rep., 563; Railway v. Culberson, 68 Texas, 664; Railway v. Le Gierse, 51 Texas, 189; Railway v. Moore, 49 Texas, 31; Rindge v. Oliphint, 62 Texas, 682.

HOBBY, JUDGE.—The questions raised in this case are: 1st. Whether a posthumous child is entitled to recover damages for the death of his father resulting from injuries inflicted by the alleged negligence of the appellee company. 2nd. If the mother of such child be capable of suing for such damages when the cause of action accrues, does the statute of limitation run against the child? 3rd. Is said child concluded by a suit brought by its mother and another beneficiary against the company under our statute?

In the case of Railway v. Lehmberg, 75 Texas, 61, it is stated in the opinion by Associate Justice Henry, that "one of the children was born a month after the death" of his father, and a recovery was had by such child in that case; but the question before us was not discussed in the opinion nor raised by the assignments.

The suit was brought by the mother of the appellant, Gustave Nelson, as his next friend, to recover damages for the death of his father resulting from injuries negligently inflicted on his father by the appellee company.

The petition was filed on the 18th day of August, 1885. The averments in it necessary to a proper understanding of the questions involved show that the plaintiff's father, Gustave A. Nelson, was killed instantly in a collision occurring on defendant's road on the 25th day of April, 1882, which was caused by the alleged "gross carelessness and criminal and outrageous negligence of the defendant's officers," etc.; that the plaintiff was born on November 7, 1882, and is the legitimate son of said Gustave Nelson and Margaret Nelson, his next friend, now a *feme sole*. The deceased left no surviving father or mother, but only his widow, the said

Margaret Nelson, and a daughter, Kate Barbara Nelson, and plaintiff, at the time of said collision "unborn and in his mother's womb."

It is further alleged that said Margaret and said Kate Barbara "compromised and settled their claims against said company arising out of the death of said Gustave Nelson, but that none has been made of plaintiff's claim, and he is entitled to compensation," etc.   Actual damages are laid at $25,000 and exemplary damages at $10,000.

Exceptions to the petition were filed by the company on September 8, 1885, on the ground that it showed that plaintiff's cause of action accrued more than one year before its filing, and that if any cause of action ever existed it appeared to have been fully paid and discharged.   These exceptions were overruled by the court on September 19, 1885.

On September 24, 1888, an amended answer was filed by the company, containing a general denial, and specially alleging that for the injuries from which it is alleged Gustave Nelson died a judgment was recovered against the company on June 14, 1882, in the sum of $5088, in a suit brought by plaintiff's mother in the District Court of Bexar county for the benefit of the children of Gustave Nelson and herself; that this amount was paid to the parties entitled thereto, and that it discharged all claims against defendant.

The answer also averred that at the time of the death of said Gustave Nelson the plaintiff was an unknown quantity, unborn, had not then and does not now have any right of action against the company by reason of said death.   The statute of limitation of one year is pleaded by the company.

In bar of plaintiff's right to recover it is also pleaded that "from the date of plaintiff's birth, November 7, 1882, until the institution of this suit on August 18, 1885, his mother, natural guardian and next friend, was able and had the right to sue for his benefit if he had any right; that she failed to bring suit within one year after plaintiff's birth, and that he is therefore barred."

On September 25, 1888, the plaintiff excepted specially to the last plea of the company alleging that plaintiff was unborn at the time of his father's death and had no right of action; and excepting also to the plea of limitation set up by the company.

These exceptions to the answer were by the court overruled on September 27, 1888, and it was further ordered that the previous ruling of the court overruling defendant's exceptions to the petition be revoked and set aside, and that the general and special exceptions filed by the company on September 8, 1885, to the petition be sustained.

Plaintiff declining to amend, the cause was dismissed.   The judgment of the lower court is before us on appeal by the plaintiff, the appellant here.

We can not determine whether this suit was dismissed because it was believed that no right of action accrued to plaintiff under our statute for the recovery of damages for the death of his father from the causes alleged,

by reason of the fact that he was born after the death of his father; or because the plaintiff was thought to be concluded by a suit previously brought by his mother for herself and another child, upon the theory that only one suit was maintainable; or because he was barred by reason of the fact that his mother was capable of suing for him at the time of his father's death, and this suit was not brought within one year thereafter. Whether one or more of the foregoing reasons influenced the judgment of the court below we are not apprised. Therefore, as we consider the two last mentioned questions settled in this State adversely to the decision below, we will consider the ground first mentioned as principally affording the basis of the judgment of the lower court.

It is in effect claimed by the appellee that at the time of the death of the plaintiff's father, on the 25th of April, 1882, the·plaintiff was not in being, was unborn, and unknown, and an unheard of quantity, having· no legal existence, and no right of action for the injuries complained of. This is unquestionably true, unless it is given by a fair and.reasonable construction of the statute.

The right of action in a case of this character is wholly statutory. It did not exist at common law, as it died with the person. Such seems to have been the law until the passage in 1846 of "Lord Campbell's Act" by the British parliament. This act authorized a recovery for injuries resulting in death by the personal representative of the deceased. It is said to be substantially in force in nearly all of the States. Railway Co. v. Sanders, 5 S. W. Rep., 562. In our own State this right of action is wisely recognized by the organic law, supplemented by guarded legislative provisions enacted for the purpose of securing to the beneficiaries just compensation in a case meriting it, and protecting the defendant from excessive recoveries.

After giving the right to sue for actual damages on account of injuries causing the death of a person, our statute (article 2903 of the Revised Statutes) provides: "The action shall be for the sole and exclusive benefit of the *surviving* * * * children * * * of the person whose death shall have been so caused," etc.

The question then is whether the term "children," as used in the statute, includes a posthumous child of "the person whose death shall have been so caused," etc. ·Was it the intention of the Legislature that such child should, equally with other children of the deceased, be entitled to the benefit of this article, and if so, is that made manifest by the language used?

Whether and to what extent a posthumous child can take and hold property by inheritance and purchase, and what are his rights generally under carefully framed statutes and wills, is a question which has been illuminated by the learning of many of the sages of the English law.

Perhaps no case, when it was decided in 1798, involved more important

rights than that of Thellusson v. Woodford, 2 Vesey, Jr., 319.  Counsel and judges of high authority engaged in its discussion and decision.    Replying to the contention that an unborn child was a nonentity, and in that case the limitation was therefore void, Mr. Justice Buller said:  "Let us see what this nonentity can do.  He may be vouched in a recovery, though it is for the purpose of making him answer over in value; he may be an executor; he may take under the statute of distributions; he may have an injunction, a guardian."

Lord Hardwicke, discussing the same question, held that a child in the mother's womb is a person in *rerum natura*, and that by the rules of the civil and common laws "she (the child) was *to all intents and purposes* a child as if *born in her father's lifetime*."

Speaking of the civil law, which limits the operation of this rule to cases where it is for the benefit of the child to be considered as born, he says it is to be considered as living *for all purposes*.

Many old English cases are cited in the case referred to, deciding that such a child was held to be living at the death of the testator, and that an unborn child was entitled under the "description of *children born* as being within the reason and motive of a gift."

In Doe v. Clark it was held "That wherever such consideration would be for his benefit, a child *in ventre sa mere* shall be considered as absolutely born."   Goodtitle v. Wood, 7 Term Reports, is to the effect that there is no difference between a child actually born and a child *in ventre sa mere*.   Again, in Lancashire v. Lancashire, it is said:  "No argument founded on law and natural justice is in favor of the child born during the father's life that does not *equally* extend to a posthumous child."   The law must make the *same* presumption in the favor of one that it does in favor of the other.

This case concludes with the declaration of the principle, that "a posthumous child must be considered in the same situation and entitled to the same benefits as one born during the life of its father."   Such is the doctrine of cases decided in 1798, almost a century since, establishing the rights of such children to that character of property—real estate— which has been generally regarded as the most attractive and valuable over which the dominion of man has been asserted, and the ownership of which then carried with it privileges and rights frequently coveted more than the property itself.

If, then, the construction of wills, devises, and statutes was such as operated to enable a posthumous child to inherit and hold property of the character described, and considered him in all respects as entitled to the rights of a child born before the death of the father, can there be any reasonable doubt that the proper construction of our statute, giving the right of action to the "surviving children" of the person whose death was caused, etc., includes the plaintiff in this case as one of such children?

Had the expression "surviving children" been used in a will in the same connection as in the statute, and had it been for the benefit of the posthumous child to take under the authorities cited, it would be held to apply to him.    Had the children born before the father's death been provided for by will, and it was silent as to the posthumous child, nevertheless he would not be excluded under the will because not named.    The principle underlying this is that it would not be presumed that the testator intended to exclude such a child from the benefits of the will merely because he had not expressly mentioned him as such, and had expressly referred to the children born prior to his death.    There can be no stronger reason for presuming that the Legislature intended to exclude a posthumous child from the benefit of article 2903 than there would be for supposing a testator by the use of similar language intended to exclude him.

We conclude, therefore, that it was manifestly the purpose of the Legislature to give the right of action in a case like the present to all of the surviving children of the deceased.    We think also that the plaintiff in this case, although unborn at the time of his father's death, was in being and one of his surviving children.

The remaining questions affecting the plaintiff's right to sue, and which are raised on this appeal, require we think but a brief consideration.

It is claimed by appellee that there is but one cause of action, which accrues at the time of the death of the party injured; that the action shall be for the sole benefit of the surviving wife and children in being, and there can be but one recovery; and that if at the time of the accrual of the cause of action there is any person entitled to sue, laboring under no disability, and the action is not brought within one year after its accrual, there can be no recovery.

In support of this doctrine we are cited to the case of the L. & N. Railway Company v. Sanders et al., 5 Western Reporter, 563, decided by the Court of Appeals of Kentucky.    Although the opinion emanates from a court of recognized ability and high authority, the principles there announced are certainly not in accord with those well established in our State.    The Kentucky statute in a case like the one under consideration provides that "the widow, heir, or personal representative of the deceased *    *    *    shall have the right to sue ·    *    *    *    and recover punitive damages for the loss," etc.    It requires, as does our general law of limitation, that the suit shall be brought within one year next after the cause of action shall accrue.    There is also a provision in the statutes of that State giving infants, etc., the same length of time after the removal of their disability to bring suit.    These statutes were cited in the case mentioned, and it was held that "as the statute giving the right of action was punitive, there could be but one recovery.    And as there is but one cause of action, and the right to sue upon it is given to either of three persons, and there is one *in esse* who can sue and fails to do so within one year

from the accrual of the cause of action, all are barred, although the others may be under the disability of minority."

In the case cited the doctrine that the infant was barred by the statute of limitation of one year seems to be predicated upon the rule that there can be but one recovery. As this rule does not obtain in our State the doctrine of the case cited does not apply.

It is true, as claimed by the appellee, that the statute only contemplated that one suit should be brought, but this means one suit brought by all the beneficiaries or one to which they are made parties. Railway v. Kutac, 72 Texas, 647. The purpose of that statute in this respect is to prevent the defendant (the company) from being subjected to a double payment to any one beneficiary.

If the mother and one child sue and recover only the compensation awarded them by a verdict, and, as in this case, another child sues, it can not be precluded on the ground that *one* action has been brought by *all* the beneficiaries or that one beneficiary has brought the action for all, because no such action has been brought. If it had it would be the *one suit* contemplated by the statute. The amount to which all the beneficiaries would be entitled, if at all, would be included in that suit, and another could not be properly brought and a second judgment, in whole or in part, recovered against the same defendant. But if the amount of compensation of any one of the beneficiaries had not been included in such suit, and he is entitled to it, upon no principle of reason should he be concluded by a judgment in which his rights were not considered.

If the defendant is liable to three beneficiaries under the statute, the aggregate compensation to which they are justly entitled should be no greater, whether it be recovered in three suits brought by each of them or one suit brought by all.

It is unnecessary to consider the questions presented by the fourth, fifth, and tenth assignments of error, as it is not probable that they will be raised upon another trial of this cause.

Because the court erred in overruling plaintiff's special exceptions filed on September 25, 1888, to the defendant's answer filed on the 24th of September, 1884, and because of the error in sustaining the defendant's general and special exceptions filed September 8, 1885, to plaintiff's original petition, and in dismissing plaintiff's suit, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 9, 1890.