Matthias, J.
 

 The question of law presented to this court is stated, in the brief of the plaintiff, as follows: “Is a viable' child, injured while
 
 en ventre sa mere,
 
 who survives such injury, without remedy under the law of Ohio for permanent injuries suffered by reason of the negligence of another?”
 

 The defendant in its brief states the issue as follows: “Does there exist in Ohio a right of action by an infant for alleged injuries caused by the alleged negligence of another to said infant while in its mother’s womb?”
 

 No such question has at any time heretofore been presented to this court.
 

 
 *117
 
 An averment in the petition in the instant ease is-that the plaintiff at the time of her injury “was an existing, viable child.” The word, “viable,” is defined in the New Century Dictionary as, “Capable of living; physically fitted to live; of a fetus, having reached such a stage of development as to permit continued existence, under normal conditions, outside of' the womb.”
 

 It is provided in Section 16, Article I of the state-Constitution, that ‘£ all courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law,- and shall have justice administered without, denial or delay. ’ ’ There can, of course, be no question that the plaintiff was a ‘‘person” at the time this action was instituted. She is, therefore, entitled to the-right thus guaranteed by the Constitution unless it be held that the injury in question was not done her person. Was Mina Margaret Williams, who was an existing, viable child
 
 en ventre sa mere
 
 at the time of' the alleged negligent injury, then a “person” within the meaning of this constitutional provision?
 

 It is stated in 52 American Jurisprudence, 440,. Section 98, as follows:
 

 “It is a general rule of law that in the absence of a statutory provision requiring a different result, a prenatal injury affords no basis for an action in damages in favor of the child. The doctrine of the civil law and the ecclesiastical and admiralty courts that an unborn child may be regarded as
 
 in esse
 
 for some purposes, when for its benefit, has been characterized as a legal fiction not indulged in by the courts to the-extent of allowing an action by an infant for injuries occasioned before its birth. A reason advanced for this rule is that there is no person in being at the time-of the accident to whom the defendant owes a duty of'
 
 *118
 
 care. There is, however, some difference of opinion on the question.”
 

 The principal cases therein cited will be referred to hereinafter.
 

 In accordance with the general rule as to the rights of unborn children, it is stated in 21 Ohio Jurisprudence, 864, Section 3:
 

 “It is a well-settled rule of law relative to succession, and to most other cases in relation to infants, that a child
 
 en ventre sa mere,
 
 as to every purpose for the benefit of the child, is to be considered
 
 in esse,
 
 though this rule is not applied unless the benefit and interest of the child will thereby be promoted.” See
 
 Evans
 
 v.
 
 Anderson,
 
 15 Ohio St., 324;
 
 Phillips
 
 v.
 
 Herron et al., Trustees,
 
 55 Ohio St., 478, 490, 45 N. E., 720. In the opinion in the case last cited it was stated by Shauclq J., in referring to the child, which at the time of testator’s death was
 
 en ventre sa
 
 mere: “To say he was in being is only to give unrestricted significance to a term used in the statute without restricting qualifications. ’ ’ True that statement was made respecting a statutory provision, but that provision was: “No estate * *■ * shall be given * * * to any person or persons but such as are in being * * * at the time of making such deed or will * * The holding was that, within the purview of the statute, a child
 
 en ventre sa mere
 
 was a person “in being.”
 

 The right of a child to recover for injuries is certainly for the child’s benefit no matter when the injuries were inflicted. It is quite difficult to reconcile the rule of recognition of a separate existence of a child in order to punish crime committed against it with complete rejection of such rule in a civil suit by the child to secure redress for a physical injury.
 

 The general rule that a prenatal injury affords no basis for an action in damages in favor of the child is
 
 *119
 
 supported by substantial authority and for many years the courts of last resort were almost unanimous in withholding recovery in such cases, the conclusions generally being based mainly upon precedent and a high regard for
 
 stare decisis.
 

 Every case cited by counsel and every case which a maximum of diligent effort could discover dealing with the question involved herein has been examined. Those regarded as the leading cases will be referred to.
 

 The pioneer case in this country dealing with the right to recover for prenatal injuries is
 
 Dietrich, Admr.,
 
 v.
 
 Inhabitants of Northampton,
 
 138 Mass., 14, 52 Am. Rep., 242 (decided in 1884). The facts upon which the decision in that case was based were very tersely stated as follows:
 

 “The mother of the deceased slipped upon a defect in a' highway -of the defendant town, fell, and has had a verdict for her damages. At the time, she was between four and five months advanced in pregnancy, the fall brought on a miscarriage, and the child, although not directly injured, unless by a communication of the shock to the mother, was too little advanced in foetal life to survive its premature birth. There was testimony, however, based upon observing motion in its limbs that it did live for ten or fifteen minutes. Administration was taken out and the administrator brought this action * * * for the further benefit of the mother in part or in whole, as next or kin. ’ ’
 

 In that case recovery was denied, but the court expressed the query, “whether an infant dying before it was able to live separated from its mother could be said to have become a person recognized by the law as capable of having a
 
 locus standi
 
 in court, or of being represented there by an administrator.”
 

 In subsequent cases, to which reference will be made
 
 *120
 
 herein, the
 
 Dietrich case
 
 was invariably cited and relied on. In those cases, there was a general disregard of the fact, which seems to have been more or less controlling in the
 
 Dietrich case,
 
 that the only injury to the infant was the communication of a shock to the mother. The significant fact, however, is that the child could not survive and no right of action therefore accrued to the child, which could survive in favor of the child’s representative.
 

 In the case of
 
 Allaire
 
 v.
 
 St. Luke’s Hospital,
 
 184 Ill., 359, 56 N. E., 638, 75 Am. St. Rep., 176, 48 L. R. A., 225 (decided in 1900), the opinion of the appellate court which denied recovery was adopted but there was a vigorous dissent by Boggs, J., to which we shall hereinafter refer. The majority based its decision mainly on the
 
 Dietrich case, supra,
 
 and its announced conclusion that “ ‘the doctrine of the civil law and the ecclesiastical and admiralty courts, therefore, that an unborn child may be regarded as
 
 in esse
 
 for some purposes, when for its benefit, is a mere legal fiction, which, so far as we have been able to discover, has not been indulged in by the courts of common law to the extent of allowing an action by an infant for injuries occasioned before its birth.’ ”
 

 In the dissenting opinion of Boggs, J., the distinction between the facts in that case and the
 
 Dietrich case
 
 is stated as follows:
 

 “'* * * in the case at bar it appears from the declaration that the child had reached that stage of foetal life when it was capable of continued existence independent of the mother; that its person was injured within itself, and it was afterwards born alive and with sufficient strength and maturity to maintain independent existence, and still lives. It does not follow from the
 
 Dietrich case
 
 that the plaintiff in this cause should not be recognized as capable of having a
 
 locus standi
 
 
 *121
 
 in court to recover damages for injuries to Ms person, or that the Supreme Court of Massachusetts would have so held.”
 

 The majority of the court in the case last cited seemed motivated to some extent by apprehension as stated in the opinion that “ ‘If the action can be maintained, it necessarily follows that an infant may maintain an action against its own mother for injuries occasioned by the negligence of the mother while pregnant with it.’ ”
 

 The case of
 
 Gorman
 
 v.
 
 Budlong,
 
 23 R. I., 169, 49 A., 704 (decided in 1901), involved only the right of the plaintiff as father and next of kin to recover damages for his child’s death alleged to have been caused by injury, occasioned by the defendant’s negligence, prior to its birth.
 

 Buel v. United Rys. Co.,
 
 248 Mo., 126, 154 S. W., 71 (decided in 1913), involved the interpretation of a survivor statute of that state, and the court contented itself with denying recovery and saying (following the citation of eases pertaining to the question under consideration), “it is not necessary to rule upon the rationale of these decisions.”
 

 In
 
 Lipps
 
 v.
 
 Milwaukee Elec. Ry. & Light Co.,
 
 164 Wis., 272, 159 N. W., 916 (decided in 1916), the court held adversely to the plaintiff in a situation where it appeared that injury had occurred to the child at a time before it “could have been born viable.” The court stated, “We go no further than the facts of the case require, and hold that no cause of action accrues to an infant
 
 en ventre sa mere
 
 for injuries received before it could be born viable. Very cogent reasons may be urged for a contrary rule where the infant is viable.”
 

 In
 
 Drobner
 
 v.
 
 Peters,
 
 232 N. Y., 220, 133 N. E., 567, 20 A. L. R., 1503 (decided in 1921), with Cardozo, J.,
 
 *122
 
 dissenting, an action to recover by a child for prenatal injuries was adversely decided, which decision was apparently based primarily upon a finding that the weight of authority is against the right of recovery in such instances.
 

 In the opinion, the rights of an unborn child are so concisely enumerated that, with omission of the authorities cited, we quote:
 

 “By a legal fiction or indulgence, a legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to the infant after his birth *
 
 *
 
 * but not for purposes working to his detriment. * * * By the criminal law, such being the solicitude of the state to protect life before birth, it is a great crime to kill the child after it is able to stir in the mother's womb by any injury inflicted upon the person of the mother * * * and it may be murder if the child is born alive and dies of prenatal injuries. * * * If the mother, with the intent to produce her own miscarriage, produces the death of the quick child whereof she is pregnant, she may be guilty of manslaughter. * * * If the child is not quick, it may be felony to produce a miscarriage. * * * If a female convict under sentence of death is quick with child she may not be executed. ’ ’
 

 The court concluded that the “rights of ownership of property do not connote a duty of personal care to the inchoate owner, nor does the crime of causing the death of an unborn child connote liability to the child for personal injuries.”
 

 The case of
 
 Stanford
 
 v.
 
 St. Louis-San Francisco Ry. Co.,
 
 214 Ala., 611, 108 So., 566 (decided in 1926), was an action brought by the legal representative of a child which died several days after its birth from prenatal injuries. The court, as the courts in some other cases, seemed influenced by the apprehension that “many
 
 *123
 
 cases might arise, should the rule be different, where the recovery would be based upon the merest conjecture or speculation as to whether or not the prenatal injury was the cause of the death or condition of the child. ’ ’
 

 Magnolia Coca Cola Bottling Co.
 
 v.
 
 Jordan,
 
 124 Tex., 347, 78 S. W. (2d), 944 (decided in 1935), was an action brought by parents to recover damages resulting from the death of a child 19 days after birth and was based on a claim of negligence of the driver of a truck, causing injuries to the child prior to its birth, which later resulted in its death. The decision of the court was apparently based upon the proposition as stated in the opinion that ‘ ‘ since at common law there is no right to recover damages for death, ‘the right must be found in the statute itself fairly construed.’ ” Let it be noted that the instant action was not brought by parents to recover for the death of the child, but was brought by the child herself to recover damages for an injury claimed to have been sustained as a result of the negligence of the defendant.
 

 The court, in
 
 Newman
 
 v.
 
 City of Detroit,
 
 281 Mich., 60, 274 N. W., 710 (decided in 1937), relying upon precedent of previous decisions therein cited, denied the right of the administrator of a child to recover damages, for the death of the child who died as a result of prenatal injuries, upon the ground that there could be no such right until created by legislative action.
 

 In the ease of
 
 Berlin
 
 v.
 
 J. C. Penney Co.,
 
 339 Pa., 547, 16 A. (2d), 28 (decided in 1940), the court, relying primarily upon the
 
 Dietrich, Drobner
 
 and
 
 Allaire cases, supra,
 
 concluded that “there is no warrant for holding, independent of a statute, that a cause of action for prenatal injuries to a child accrues at birth. * * * ”
 

 In
 
 Stemmer, Jr.,
 
 v.
 
 Kline
 
 (1942), 128 N. J. Law, 455, 26 A. (2d), 489, although nine of the fifteen judges
 
 *124
 
 of the Court of Errors and Appeals of New Jersey held against the right of the infant to recover for injuries sustained prior to birth, six of the judges concurred in the opposite conclusion, the opinion of the minority being written by Chief Justice Brogan.
 

 The conclusion of the minority was based upon the view that the common law recognizes an unborn child as a person. The following statement from that minority opinion is here adopted:
 

 “If the common law protects the rights of the unborn child and if every intendment in the law is favorable to him, the inference is inevitable that such unborn child is a person and possesses the rights that inhere in a person even though he is incapable himself to assert them. If the unborn child may not legally be deprived of his life it is hard to understand how that life may with impunity be totally impaired by the tort of a third person. ’ ’
 

 Chief Justice Brogan examined somewhat in detail the previous decisions involving the question presented. Referring to the
 
 Dietrich case, supra,
 
 he stated that “much of the opinion in that case is sheer dicta,” and that it assigned “the rule of convenience” as the real reason for adverse holdings in other cases, together with the fear that eases would be founded on fraud resulting in injustice being done. However, as pertinently observed by Chief Justice Brogan, “the interval between the negligent act and the injury to the person harmed is of no consequence except as to its evidential value in the matter of cause and effect.”
 

 In many cases the fact must be recognized that there is difficulty of proof for both sides. However, it is elementary that if a wrong has been committed there should be a remedy. Quoting further from Chief Justice Brogan:
 

 “A reading of all these authorities discloses that
 
 *125
 
 the courts recognized the beneficence of the common law for the protection of unborn infants against the criminal conduct of others and as to inheritance and property rights without saying that such protection and rights exist as exceptions or statutory declarations. But when they follow the principle of the
 
 Dietrich case
 
 and deny a cause of action to infants on the ground that the unborn child is not a separate and legal entity, they do nothing to reconcile the contradiction or at least the anomaly between the common-law rights in favor of the infant, which they recognize, and the natural right of the infant to have compensation for prenatal injuries negligently inflicted, which they do not recognize.”
 

 Recently certain courts of last resort have accorded a more liberal interpretation and application of general statutory provisions and have held in favor of recovery by a child for prenatal injuries resulting from negligent acts.
 

 In the case of
 
 Montreal Tramways
 
 v.
 
 LeVeille,
 
 4 D. L. R., 337 (decided by the Supreme Court of Canada in 1933), the court held in favor of recovery by a viable child for injuries negligently caused prior to its birth. In that case it was pertinently observed:
 

 “If a right of action be denied to the child it will be compelled, without any fault on its part, to go through life carrying the seal of another’s fault and bearing a very heavy burden of infirmity and inconvenience without any compensation therefor. To my mind it is but natural justice that a child, if born alive and viable, should be allowed to maintain an action in the courts for injuries wrongfully committed upon its person while in the womb of its mother.”
 

 We agree with the statement which is in effect that the fear that the recognition of a right of action in a case of this character will lead to others brought in
 
 *126
 
 bad faith and present insuperable difficulties of proof should not influence the decision of the question. It is to be hoped that the law will keep pace with science, and certainly there has been some progress in medical science since 1884. In any event we are concerned here only with the legal question presented.
 

 The court, in
 
 Scott, a Minor,
 
 v.
 
 McPheeters,
 
 93 P. (2d), 562 (decided by the Supreme Court of California in 1939), expressly approved the conclusion reached by the District Court of Appeals, which is set forth in the opinion of the latter court in 33 Cal. App. (2d), 629, 92 P. (2d), 678, that the right of the infant to recover damages for injuries inflicted prior to birth was based upon a statutory provision that ‘ ‘ a child conceived, but not yet born, is to be deemed an existing person, so far as may be necessary for its interests in the event of its subsequent birth. ’ ’
 

 The court held that under such statute a child had a right to recover compensation for personal injuries wrongfully inflicted by the wilful or negligent acts of another person prior to the birth of such child. The court went on to consider, and in several instances to criticize, the decisions of courts against the right of recovery and expressly. approved the reasoning of Mr. Justice Boggs in his dissenting opinion in the
 
 Allaire case, supra.
 
 The court held that its conclusion must depend upon whether compensation for a tort may be considered to be with “the interests” of the child as that term was employed in the statute.
 

 The court observed that there appeared to be no good reason for confining the word, “interests,” to the child’s right of inheritance or to its property rights and concluded that the term is sufficiently broad to include the right of compensation for injuries inflicted by the wilful or negligent act of another person.
 

 The decisions in the various cases dealing with the
 
 *127
 
 question presented are well summarized in Prosser on Torts, 188, as follows:
 

 “When a pregnant woman is injured, and the child subsequently born suffers deformity or other injury as a result, nearly all of the courts which have considered the question have denied recovery to the child. Two reasons are given: First, that the defendant can owe no duty of conduct to a person who is not in existence at the time; and second, that the difficulty of proving any causal connection between negligence and damage is too great, and there is too much danger of fictitious claims. As to the second, it seems clear that adequate safeguards could be established by requiring sufficient proof by competent medical evidence, which is possible at least in many cases. The difficulty would seem to be no greater than in the ease of many other matters of medical proof.
 

 “So far as duty is concerned, if existence at the time is necessary, medical authority has recognized long since that the child is in existence from the moment of conception, and for many purposes its existence is recognized by the law. The criminal law regards it as a separate entity, and the law of property considers it in being for all purposes which are to its benefit, such as taking by will or descent. After its birth, it has been held that it may maintain a statutory action for the wrongful death of the parent. All writers who have discussed the problem have joined in condemning the existing rule, in maintaining that the unborn child in the path of an automobile is as much a person in the street as the mother, and urging that recovery should be allowed upon proper proof. ”
 

 While, as heretofore indicated, a discussion of the issue involved has assumed many phases, the question presented to this court is within a very narrow scope: Was the plaintiff at the time of her injury a person
 
 *128
 
 within the meaning of Section 16, Article I of the Constitution?
 

 In the
 
 Dietrich case
 
 one test imposed was, “whether an infant dying before it was able to live separated from its mother could be said to have become a person recognized by the law as capable of having a
 
 locus standi.”
 
 Let us be reminded that in the instant case we are dealing with a viable child, one capable of living and which demonstrated its capacity to survive by surviving.
 

 No legislative action is required to authorize recovery for personal injuries caused by the negligence of another. Such right was one existing at common law. The right conferred by Lord Campbell’s Act is one for the recovery of damages for death caused by such wrongful act or neglect as would have entitled the person injured to maintain an action for damages for his injuries. The instant action is one brought by the person injured for damages claimed to have been caused by the wrongful act of the defendant. It is clear, therefore, that the instant action could be maintained at common law unless precluded on the ground that there can be no recovery for injuries inflicted prior to the plaintiff’s birth. It is to be observed that denial of such recovery has generally been based upon the ground that an unborn child is a part of the mother. In the instant case, however, at the time of the injury the child concededly was so far matured that it had reached the period of viability, such a stage of development that the death of the mother could not have deprived it of life. This case may well be distinguished on its essential facts from the
 
 Dietrich case,
 
 supra, and many of the cases subsequently decided based upon the decision in the
 
 Dietrich case.
 

 To hold that the plaintiff in the instant case did not
 
 *129
 
 suffer an injury in her person would require this court to announce that as a matter of law the infant is a part of the mother until birth and has no existence in law until that time. In our view such a ruling would deprive the infant of the right conferred by the Constitution upon all persons, by the application of a timeworn fiction not- founded on fact and within common knowledge untrue and unjustified.
 

 The judgment of the Court of Appeals, reversing the judgment of the Court of Common Pleas, is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur..