Zimmerman, J.
An established principle of insurance law, recognized in many decisions of this court, is that an insurance contract, in case of doubt as to the meaning and intent thereof, is to be interpreted against the insurer, the one who drew it and who is responsible for the language employed, and in favor *554 .of the insured. In the clause of the insurance contract presently under examination, the term, “person,” is not defined and should be given an interpretation as favorable as is reasonably possible for the insured.
This court held, as follows, in the second paragraph of the syllabus of the landmark case of Williams, an Infant, v. Marion Rapid Transit, Inc., supra (152 Ohio St., 114, 87 N. E. [2d], 334, 10 A. L. R. [2d], 1058):
“2. Injuries wrongfully inflicted upon an unborn viable child capable of existing independently of the mother are injuries ‘done him in his * * * person’ within the meaning of Section 16, Article I of the Constitution, and, subsequent to his birth, he may maintain an action to recover damages for the injury so inflicted.”
In the later case of Jasinsky, Admr., v. Potts, 153 Ohio St., 529, 92 N. E. (2d), 809, the syllabus reads:
“Under the wrongful-death statute, Section 10509-166 et seq., General Code, the administrator of the estate of a child who, while viable, suffered a prenatal injury through the alleged negligent act of another and who died approximately three months after its birth as a result of such injury has a cause of action against such other for damages for the benefit of the parents of such infant.”
Thus, it is established in this state that an unborn viable child is a “person.”
As used with reference to a foetus, the word, “viable,” means that the foetus has reached such a state of development that it can live outside the uterus. Bonbrest v. Kots (D. C. D. C.), 65 F. Supp., 138, 140.
In Hall, Admr., v. Murphy, 236 S. C., 257, 263, 113 S. E. (2d), 790, 793, the court remarked:
“We have no difficulty in concluding that a foetus having reached that period of prenatal maturity where it is capable of independent life apart from its mother is a person and if such child is injured, it may after birth maintain an action for such injuries. A few courts have gone further and held that such an action may be maintained even if the infant had not reached the state of a viable foetus at the time of the injury. *555 Bennett v. Hymers, 101 N. H, 483, 147 A. (2d), 108; Hornbuckle v. Plantation Pipe Line Co., 212 Ga., 504, 93 S. E. (2d), 727.”
And in Poliquin, Admx., v. MacDonald, 101 N. H., 104, 107, 135 A. (2d), 249, 251, the court said:
“We are also of the opinion that a fetus having reached that period of prenatal maturity where it is capable of independent life apart from its mother is a person * *
For those who may be interested, other cases bearing on the subject and upholding a right of action in varying circumstances are Wendt v. Lillo (D. C. Iowa), 182 F. Supp., 56; Tursi v. New England Windsor Co., 19 Conn. Supp., 242, 111 A. (2d), 14; Tucker v. Howard L. Carmichael & Sons, Inc., 208 Ga., 201, 65 S. E. (2d), 909; Amann v. Faidy, 415 Ill., 422, 114 N. E. (2d), 412; Daley, Gdn., v. Meier, 33 Ill. App. (2d), 218, 178 N. E. (2d), 691; Sana v. Brown, 35 Ill. App. (2d), 425, 183 N. E. (2d), 187; Damasiewicsz v. Gorsuch, 197 Md., 417, 79 A. (2d), 550; Smith v. Brennan, 31 N. J., 353, 157 A. (2d), 497, overruling Stemmer v. Kline, 128 N. J. L., 455, 26 A. (2d), 489; Woods, an Infant, v. Lancet, 303 N. Y., 349, 102 N. E. (2d), 691, 27 A. L. R. (2d), 1250; Seattle First National Bank, Gdn., v. Rankin, 59 Wash. (2d), 288, 367 P. (2d), 835. See, also, the annotations in 10 A. L. R. (2d), beginning at page 1059, 27 A. L. R. (2d), beginning at page 1256, and the comments and citation of cases by Paul A. Mancino in 14 Western Reserve Law Review, at page 151 et seq. Compare Mace, Admx., v. Jung (D. C. Alaska), 210 F. Supp., 706, and Keyes, Admx., v. Construction Service, Inc., 340 Mass., 633, 165 N. E. (2d), 912.
Here, the infant showed definite physical signs of life upon delivery from her mother and had an independent existence for an appreciable length of time after separation from her mother, and a certificate of live birth was issued. Considering all these factors, we think the situation comes within the holding of the Williams case that liability exists for prenatal injuries suffered by a viable child delivered alive.
In other words, an unborn viable child capable of life outside its mother’s womb is a person as that term is used in an insurance contract providing death benefits for persons killed as a result of a motor vehicle accident.
*556 Of course, if and when this case is retried, in order for plaintiff to recover, it must be shown by a preponderance of the evidence that the accident was directly responsible for the decedent’s premature birth, and that the death resulted therefrom.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Taft, C. J., O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.