**Santiago M. LEAL et ux., Petitioners,**

v.

**C. C. PITTS SAND AND GRAVEL, INC., et al., Respondents.**

**No. B–237.**

Supreme Court of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 22, 1967.

Raul Villarreal and Lieck & Lieck, Charles J. Lieck, Sr., and Eugene H. Lieck, San Antonio, for petitioners.

Beckmann, Stanard, Wood & Vance, John H. Wood, Jr. and Hugh P. Shovlin, San Antonio, for respondents.

STEAKLEY, Justice.

Petitioners are the parents of a child born alive who died two days later. They alleged that the death resulted from pre-

natal injuries suffered when the mother was involved in a collision between Petitioners' automobile and a truck allegedly owned and operated by Respondent. The child was alleged to be viable since the mother was advanced to six or seven months pregnancy at the time. Petitioners sued Respondent in a negligence action asserting a cause of action for the wrongful death of the child under Articles 4671–4678, Revised Civil Statutes of Texas, 1925, as amended;[1] Petitioners also alleged a cause of action for injuries to the mother and damages to the automobile. The action for wrongful death was severed by the trial court and Respondent's exceptions asserting that such did not state a cause of action were sustained. The dismissal of this cause was affirmed by the Court of Civil Appeals [413 S.W.2d 825] upon authority of Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513 (1935). We granted writ of error to re-examine the question thus presented.

■ A right of action exists under the Wrongful Death Statute only where the injured party could have maintained an action for damages had death not ensued. Art. 4672; *Jordan* supra. So the question is whether this viable infant born alive would have had a cause of action against Respondents had she survived. We hold in the affirmative and so reverse the judgments below and remand the cause.

■ This Court in *Jordan* upheld the refusal of the trial court to render judgment upon appropriate jury findings for the reason that " * * * the law gives to parents no cause of action for the loss of a child which dies as a proximate result of injuries while it is still quick in the womb of its mother, even though such injuries be inflicted by the negligence of the defendant." The decision, particularly with respect to the absence of duty to the unborn child, was predicated in large measure upon the concept that life begins only after a child has been born and its independent existence established. Respiration and independent circulation—"not to have breathed is not to have lived"—as conditions to an independent life, and to becoming a human being, were emphasized. Prior thereto, however, this Court in Nelson v. Galveston H. & S. Ry. Co., 78 Tex. 621, 14 S.W. 1021 (1890), recognized the right of action of a child under the Wrongful Death Statute for the death of his father which occurred approximately six and one-half months before the birth of the child. Cf. also Brooke v. Clark, 57 Tex. 105 (1882), in which this Court appeared to recognize without question a right of action for damages sustained by a child after it had been taken from its mother but before severance of the umbilical cord, based on the negligence of one acting as an accoucheur at birth. The injury occurred at a time when the child was still in communication with and dependent on its mother for respiration and nourishment. The decision in *Nelson* was distinguished in *Jordan* as dealing with property rights created by Statute (Article 4675) requiring only that the child be born alive—become a surviving child—to come into his estate.

---

1. Article 4671: " * * * 1. When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness, or default of another person, association of persons, joint stock company, corporation or trustee or receiver of any person, corporation, joint stock company, or association of persons, his, its or their agents or servants, such persons, association of persons, joint stock company, corporation, trustee or receiver shall be liable in damages for the injuries causing such death. * * *"

Article 4672: "The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

Article 4675: "Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all. * * *"

▮ In *Jordan* this Court said: "We have found no decision * * * holding that damages for prenatal injury may be recovered either by the injured child if it is born and lives or by its beneficiaries in the event of its death from such injury." Likewise it was said in Lewis v. Steves Sash & Door Co., 177 S.W.2d 350 (Tex. Civ.App. 1943 writ ref'd), which represents the last review of the question by this Court, that "The disposition of the case [Jordan] accords with the overwhelming weight of authority." The contrary is true today. As expressed by one legal writer: "Seldom in the law has there been such an overwhelming trend in such a relatively short period of time as there has been in the trend towards allowing recovery for prenatal injuries to a viable infant."[2] And by another: "A good many years of this rather devastating criticism finally had its effect. Beginning with a decision in the District of Columbia in 1946, a series of more than thirty cases, many of them expressly overruling prior holdings, have brought about the most spectacular abrupt reversal of a well settled rule in the whole history of the law of torts * * *. So rapid has been the overturn that at the time of publication nothing remains of the older law except decisions, not yet overruled, in Alabama, Rhode Island, and Texas."[3] Our research indicates that since this counter trend became evident, no court has denied a right of action for prenatal injuries to a viable infant born alive where the problem has been given re-examination.

This impressive contemporary trend is recognized in the three opinions of the intermediate court in this case. Indeed, there can be little originality of reasoning or expression in the light of the exhaustive review of the problem in these opinions, together with that to be found in the cases therein cited and in the substantial literature on the subject.[4] The majority of the Court of Civil Appeals would have re-examined the question had the court not felt bound by the prior decision of this court in *Jordan*. The dissenting opinion of Justice Cadena comprehensively presents the case for recognition of a right of action for prenatal injuries under the facts here presented, and we are in agreement with this opinion. The decision in *Jordan* is overruled. Chief Justice Barrow points out in the majority opinion below, with supporting citations, that some authorities do not recognize a cause of action for prenatal injuries unless the fetus is viable at the time of injury, and that other authorities do not do so unless the child is born alive. These questions are not before us and are reserved.

The judgments below are reversed, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.

2. Keeton, Creative Continuity in the Law of Torts, 75 Harv.L.Rev. 463, 484–85 (1962).

3. Prosser, Law of Torts, (3rd Ed. 1964) pp. 355–56; Rhode Island has since overruled its prior decisions, Sylvia v. Gobeille, R.I., 220 A.2d 222 (1966).

4. See also 2 Harper & James, Torts, § 18.3 (1956); Gordon, The Unborn Plaintiff, 63 Mich.L.Rev. 579 (1965); Stewart, The Case of the Prenatal Injury, 15 Fla.

L.Rev. 527 (1963); Del Tufo, Recovery for Prenatal Torts; Actions for Wrongful Death, 15 Rutgers L.Rev. 61 (1960); Morris, Injuries to Infants En Ventre Sa Mere, 58 Cent.L.J. 143 (1904); Kerr, Action by Unborn Infant, 61 Cent.L.J. 364 (1905); Frey, Injuries to Infants En Ventre Sa Mere, 12 St. Louis L.Rev. 85 (1927); White, The Right of Recovery for Prenatal Injuries, 12 La.L.Rev. 383 (1952); 10 A.L.R.2d 1051–1072; 27 A.L.R.2d 1256–1259.