OPINION
{¶ 1} Appellant Timothy Griffiths, Individually and as the Administrator of the Estate of Taylor Nicole and Nathan James Griffiths, appeals a summary judgment of the Stark County Court of Common Pleas dismissing his wrongful death action against Appellees Rose Center for Women, Diane R. Duckworth, D.O. and Michael J. Eighan, M.D.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In December, 1998, Kristina Griffiths discovered that she was pregnant. During her pregnancy, she was treated by Drs. Duckworth and Eighan of the Rose Center for Women, all Appellees in the instant case.
 {¶ 3} On December 16, 1998, Mrs. Griffiths had an ultrasound, which revealed that she had a possible bicornate uterus and uterine fibroids. The ultrasound also revealed that she was carrying twins.
 {¶ 4} In December of 1998, and again in January of 1999, Mrs. Griffiths had two episodes of heavy vaginal bleeding. On March 21, 1999, she presented to Doctor's Hospital complaining of abdominal pain and premature labor. She was admitted to the hospital. The next day, she was transferred to Akron General Medical Center.
 {¶ 5} On March 25, 1999, Mrs. Griffiths suffered a placental abruption and delivered both of the fetuses, which were only twenty-one weeks old. The fetuses survived for approximately one and one-half hours after delivery. The stated cause of death was extreme prematurity with underlying causes of premature labor, placental abruption and incompetent cervix.
 {¶ 6} No resuscitation efforts were made on behalf of the fetuses based on an earlier decision made by appellant and Mrs. Griffiths following a discussion with Dr. Stewart concerning the significance of birth at twenty-one weeks.
 {¶ 7} On March 20, 2000, Appellant filed the instant action alleging medical malpractice and wrongful death in Cuyahoga County. The named Defendants were Doctors Hospital, Northeast Ohio Emergency Affiliates, The Rose Center for Women, Diane Duckworth, D.O., and Michael Eighan, M.D. The case was transferred to Stark County On March 11, 2001.
 {¶ 8} On May 5, 2001, Appellant voluntarily dismissed Defendant Northeast Ohio Emergency Affiliates.
 {¶ 9} On April 2, 2002, the court entered summary judgment in favor of Doctor's Hospital. Appellant did not appeal this judgment.
 {¶ 10} On February 7, 2002, the trial court granted the Motion for Summary Judgment filed by Appellees in the instant case.
 {¶ 11} On February 11, 2002, Appellant filed a Motion for Leave to File an Amended Complaint, seeking to add Kristina Griffiths as a party, and to allege additional claims on her behalf. The court overruled the motion on March 18, 2002.
 {¶ 12} Appellant appealed to this Court, assigning as error the trial court's dismissal of his action on summary judgment, finding that he did not have a cause of action for wrongful death of the prematurely born twins. By a written opinion dated November 12, 2002, this Court found that the issue of viability in that case remained a disputed question of fact to be determined by the jury and reversed the trial court on that issue.
 {¶ 13} On December 3, 2004, Appellant filed a voluntary dismissal of that action.
 {¶ 14} On January 7, 2005, Appellant refilled said Complaint against Appellees.
 {¶ 15} By agreement, the parties stipulated that the fetuses were not viable at the 21-22 week gestation period.
 {¶ 16} Appellees filed a Motion for Summary Judgment.
 {¶ 17} Appellant, in his Motion in Opposition to Appellees' Motion for Summary Judgment, submitted an affidavit of his expert, Dr. Michael Cardwell, which stated:
 {¶ 18} "It is my opinion to a reasonable degree of medical probability and certainty that Nathan Griffiths and Taylor Griffiths were no longer `fetuses'. Rather, at the time of birth, both Nathan Griffiths and Taylor Griffiths were living human beings."
 {¶ 19} On October 3, 2005, the trial court granted Appellees' Motion for Summary Judgment, holding:
 {¶ 20} "The affidavit of Michael Cardwell, M.D., while stating that at the time of their deliveries, both Nathan and Taylor were no longer fetuses but living human beings, does not create a genuine issue as to the material fact of viability which this court is constrained to determine upon remand.
 {¶ 21} "* * *
 {¶ 22} "While the Plaintiff concedes that the infants were nonviable, he urges the court to adopt a test that does not depend upon viability. As noted in this case, Egan v. Smith
(1993), 87 Ohio App.3d 763, a test that does not depend upon viability is not the law in Ohio.
 {¶ 23} "There is no genuine issue of material fact in this lawsuit regarding the viability of the delivered infants, Taylor Griffiths and Nathan Griffiths; they were not viable either at the time of the alleged negligence herein, or at the time of their births on March 25, 1999. The court concludes, therefore, that the infants were not `persons' within the meaning of the Ohio wrongful death statute, R.C. 2125.01. et seq., and the Plaintiff, Timothy Griffiths, individually and as Administrator of the Estates of Nathan James Griffiths and Taylor Nicole Griffiths, deceased, is precluded from maintaining this wrongful death action under the statute, as a matter of law."
 {¶ 24} It is from this Judgment Entry that Appellant prosecutes the instant appeal, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 25} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTSA-PPELLEES' ROSE CENTER FOR WOMEN, DIANE R. DUCKWORTH D.O. AND MICHAEL J. EIGHAN M.D.'S MOTION FOR SUMMARY JUDGMENT."
 I. {¶ 26} In his sole assignment of error, Appellant argues that the trial court erred in dismissing his action on summary judgment, finding that he did not have a cause of action for wrongful death of the prematurely born twins. We disagree.
 {¶ 27} "Summary Judgment Standard"
 {¶ 28} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 29} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 30} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 31} It is based upon this standard that we review Appellant's assignment of error.
Ohio's wrongful death statute is codified in R.C. 2125.01, which provides in pertinent part:
 {¶ 32} "When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages * * *." Werling v. Sandy (1985),17 Ohio St.3d 45.
 {¶ 33} In Appellant's prior appeal to this Court, we held that "[i]n cases where injury was allegedly caused to a fetus, Ohio law requires that the fetus must be shown to have been viable at the time of injury. Williams v. The Marion RapidTransit, Inc. (1949), 152 Ohio St. 114." This Court then remanded the matter to the trial court for a determination on viability.
 {¶ 34} Upon remand, Appellant stipulated that the premature infants were not viable.
 {¶ 35} Appellant now attempts to argue that the premature infants were "persons" under the wrongful death statute, regardless of the fact that they were not viable, because they were born alive.
 {¶ 36} This argument is one which was made in Appellant's first appeal and was considered by this Court at that time. This Court, however, found said argument to be unpersuasive in that "Ohio law requires that the fetus must be shown to have been viable at the time of injury." Id.
 {¶ 37} The Supreme Court of Ohio has summarized the doctrine of the law of the case, stating that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984),11 Ohio St.3d 1, 3-4, 462 N.E.2d 410. Considered by the Supreme Court to "be a rule of practice rather than a binding rule of substantive law," the rule is necessary to "ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." State ex rel.Potain v. Matthews (1979), 59 Ohio St.2d 29, 32, 391 N.E.2d 343.
 {¶ 38} Appellant further argues that the injuries sustained in the case sub judice were sustained "after their birth, while they were alive, not while they were fetuses." (Appellant's brief at 8). Appellant argues that based on this argument, a viability analysis is not applicable in this case.
 {¶ 39} Upon review, this Court is not persuaded by Appellant's unsupported argument. The law in Ohio recognizes the viable child as a person under the wrongful death statute rather than to designate the same status to a fetus incapable of independently surviving a premature birth. Werling, supra.
 {¶ 40} Based on the foregoing, this Court finds that the trial court did not err in finding that the infants were not "persons" under Ohio's wrongful death statute and granting Appellees' Motion for Summary Judgment, thereby precluding Appellant from maintaining an action for wrongful death.
 {¶ 41} Appellant's sole assignment of error is overruled.
 {¶ 42} This cause is affirmed.
By: Boggins, J. Gwin, P.J and Farmer, J. concur.
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.