WILLIS J. GOODSELL, EXECUTOR OF ANDREW D. EUSON *vs.* THE HARTFORD AND NEW HAVEN RAILROAD COMPANY.

The act of 1853 (Revision of 1866, p. 202,) provides that where a life is lost by reason of the negligence of a railroad company, the company shall be liable to pay to the executor or administrator of the deceased, for the benefit of the family and heirs of the deceased, damages not less than $1,000, and not more than $5,000. Held, that the ground of the damages was not the loss to such relatives by the death, but the injury to the deceased.

ACTION on the case for injuries to the plaintiff's testator through the negligence of the defendants in running their cars, upon which he was a passenger, brought upon the act of 1853, " to prevent injuries and the destruction of life upon railroads." Revision of 1866, p. 202.*

---

The statute referred to is as follows :—

* " That if the life of any person, being a passenger or crossing upon a public highway in the exercise of a reasonable care, shall be lost by reason of the negligence or carelessness of any railroad company in this state, or by the unfitness, or negligence or carelessness of their servants or agents, such railroad company shall be liable to pay damages, not exceeding five thousand dollars nor less than one thousand dollars, to the use of the executor or administrator of the deceased person, to be recovered by such executor or administrator in an action on the case

After demurrer overruled, the parties were heard on the question of damages. It was admitted that the plaintiff's testator was injured, and died, as stated in the declaration ; and that he left a widow, who was also fatally injured by the same accident, and who survived her husband but one week. The plaintiff offered evidence, showing the character of the injuries received by the testator, and his personal sufferings caused thereby, and claimed that it was the duty of the court to take the same into consideration in assessing damages. To the admission of this evidence the defendants objected, on the ground that, in this action, the personal injuries and sufferings of the deceased could not be taken into consideration, but that the measure of damages was the pecuniary loss, resulting from the death of the husband to the widow for whose benefit the suit was brought. The court received the evidence subject to the objection. If in the opinion of the supreme court the evidence was admissible and the rule of damages as claimed by the plaintiff, the court assessed the damages at $4,000. But if the rule of damages should be held to be as claimed by the defendants, then the plaintiff further claimed that, inasmuch as the death of the widow, so soon after the death of the husband, was the result of the defendants' negligence, the defendants ought to derive no benefit from the fact of her death, but that it was the duty of the court to assess damages as though she was still living and uninjured. This claim was resisted by the defendants, who insisted that the fact that the wife survived the husband but one week should be considered by the court, and that the damages should not exceed the lowest sum fixed by the statute. If this claim of the plaintiff should be held to be correct the court assessed the damages at $2,500. But if the defendants should be held to be correct in both their claims damages were assessed at $1,000.

upon this statute, for the benefit of the husband or widow and heirs of the deceased person, one moiety thereof to go to the husband or widow and the other to the children of the deceased ; but, if there shall be no children, the whole to the husband or widow, and if no husband or widow to the heirs, according to the law regulating the distribution of intestate personal estate."

The questions whether the evidence was admissible, what is the rule of damages in the case, and which of the above sums should be assessed to the plaintiff, were reserved for the advice of this court.

*Waldo* and *Hyde*, for the plaintiff.

In actions for damage to the person caused by negligence of the defendant, the personal injuries and sufferings of the plaintiff are to be considered in assessing damages. 2 Greenl. Ev., § 267 ; *Seger* v. *Barkhamsted,* 22 Conn., 290 ; *Masters* v. *Warren,* 27 id., 293. The same right of action which the party would have if living, survives to his executor or admin- istrator if the injury results in death. Of course it follows that in such actions by executors or administrators damages are to be assessed on the same principle. Revision of 1866, p. 22, sec. 98 ; *Soule* v. *N. York & N. Haven R. R. Co.,* 24 Conn., 575 ; *Murphy* v. *Same,* 29 id., 496 ; *S. C.,* 30 id., 184. The statute of 1853 gives a right of action to the exe- cutor or administrator for the same cause as the statute of 1848, and does not prescribe any new rule for the assessment of damages. *Chiles* v *Drake,* 2 Met., (Ky.,) 146. If this be not so, this statute gives the executor or administrator a new action for a different cause, and as it does not profess to take away any right he had before, he may bring both actions and recover in each for different causes. Unless this statute gives it, a widow has no right to recover damages for the loss of her husband ; and it would seem that she could not acquire such right without some clear expression in the statute giving it to her. *Carey* v. *Berkshire R. R. Co.,* 1 Cush., 475 ; *Shaw* v. *Boston and Worcester R. R. Co.* 8 Gray, 45 ; *Baker* v. *Bolton,* 1 Camp., 493 ; *Conn. Mut. Life Ins. Co.* v. *N. York & N. Haven R. R. Co.,* 25 Conn., 265. In this statute the right of action is not given to the widow but to the executor or administrator, and there is no expression implying that he has any other ground of recovery than such as he can have as the representative of the deceased. *Penn. R. R. Co.* v. *Mc-Closky,* 23 Penn. S. R., 526 ; *Same* v. *Zebe,* 33 id., 318. The damages when recovered are to be distributed not merely

to a widow or children, the dependents of the deceased, but may go to heirs however remote. *Penn. R. R. Co.* v. *Vandever*, 36 Penn. S. R., 298. The decisions in England and our sister states are inapplicable, because they are all founded upon statutes differing from ours, and prescribing the rule by which damages are to be assessed. *Blake* v. *Midland Railway Co.*, 10 Eng. L. & E., 437 ; *Safford* v. *Drew*, 3 Duer, 627. But if in this case the claim of the defendants, that the measure of damages is the pecuniary loss sustained by the widow, is correct, the amount to be recovered ought not to be diminished by the fact that she survived her husband only one week. The cause of action accrued and was complete in her life time, and the damages to be recovered should be the same as though she still survived, as she might and probably would have done, except for the negligence of the defendants causing her death.

*Hubbard* and *Chamberlin*, for the defendants.

The action is founded upon section 8th of the statute of 1853. Revision of 1866, p. 202. No damages can be recovered except such as are given by this statute ; and these damages have no reference whatever to the personal injuries of the deceased, but refer wholly to the loss which the wife and next of kin shall be proved to have sustained by the death. They are not given for a cause of action which by force of the statute survives the death, but entirely for a new cause which the death originates. *Safford* v. *Drew*, 3 Duer, 627, 633, 641 ; *Lucas* v. *New York Central R. R. Co.*, 21 Barb., 245 ; *Oldfield* v. *New York & Harlem R. R. Co.*, 3 E. D. Smith, 103. The damages that may be recovered are limited to a mere indemnity, and have been held, in construing a similar statute in England, to be confined to the *pecuniary* loss resulting to the parties for whose benefit the suit is brought *from the death of the person.* Redfield on Railways, 336, 337, note ; *Blake* v. *Midland Railway Co.*, 10 Eng. L. & Eq., 437 ; *Ainsworth* v. *South Eastern Railway Co.*, 11 Jurist, 758 ; *S. C.*, 1 Am. Railway Cases, 446, note. For the English statute, see 3 Duer, 636. See also *Pennsylvania*

*R. R. Co.* v. *Zebe*, 33 Penn. S. R., 318 ; *Same* v. *Ogier*, 35 id., 72 ; *Franklin* v. *South Eastern Railway Co.*, 3 Hurlst. & Nor., 211 ; *Duckworth* v. *Johnson*, 7 Am. Law Reg., 630. We also deny that the plaintiff can *in this action* recover damages on account of the sufferings endured by the deceased in his life time. The remedy given by the statute is entirely distinct from that given in the statute providing for the survival of actions of tort. Revision of 1866, p. 22, sec. 98. It is clear that the court should take into consideration the fact that the wife survived her husband but one week. Ordinarily the triers must estimate the expectation of life which the widow has at the time of the death ; but here it has become fixed prior to the trial, and there is no ground upon which the court could ignore that controlling fact, and proceed to make an estimate based upon the probable duration of a life which has already terminated.

McCurdy, J. It is a singular fact that by the common law the greatest injury which one man can inflict upon another, the taking of his life, is without private remedy. By a strange fiction the extremity of the wrong precludes redress.

The state of Connecticut was among the first to break through this principle. Among our early statutes is one exacting compensation for a loss of life from the deficiency of a road or bridge. In 1848 it was enacted that a suit for injury to the person, whether the same do or do not result in death, shall survive to his executor or administrator. Revision of 1866, p. 22. According to numerous decisions this right of action embraces damages for personal injuries and sufferings of the party if he lives and brings the suit. *Seger* v. *Town of Barkhamsted*, 22 Conn., 290 ; *Masters* v. *Town of Warren*, 27 id., 293. If he dies, the same cause of action, that is, *for the same damages*, survives to his executor or administrator.

What then is the object of the statute of 1853 ? It selects a certain class of cases,—deaths through default of railroad companies, and in reference to them it has two purposes in

view. One is to limit the extent of damages. This had before been entirely discretional, ranging from a nominal sum to the most extravagant amount. The other is to direct the distribution of the sum received. This is ordered to be paid to certain relatives in specified proportions, and if there are no such relatives, then to the heirs of the deceased as an intestate estate, excluding creditors.

But the claim of the defendants is that the acts are independent of each other, and that the damages spoken of in the law of 1848 mean injuries and sufferings of the deceased while alive, and the damages referred to in the act of 1853 regard the losses to relatives after and in consequence of his death. Such a construction would give to the executor two suits for the same act, one for the injury to the deceased and the other for the value of his life to his relatives. In the latter case the question of damages would turn upon the extent of their dependence on him, his interest in or generosity towards them, the amount of his earnings, the probable length of his life, his character and conduct, (leading to unseemly investigations) and many other circumstances which would be difficult of estimation.

We see nothing in the language or the object of the law of 1853 to justify such a view. Indeed the distribution in certain events to remote heirs who may never have heard of their connection, who never derived any benefit from his life, and who could suffer no loss from his death, is conclusive against this interpretation.

The act of 1853 is not inconsistent with but additional to that of 1848 in the particulars which we have mentioned.

The decisions on this subject in England and in some of the states of this country have no bearing upon the question here, their enactments being entirely different from ours. By the English statute the action is " for the benefit of the wife, husband, parent and child," only of the deceased, and " the jury may give such damages as they may think proportionate to the injury resulting from such death to the parties respectively for whose use such action shall be brought."

Similar provisions exist in the laws of other states and govern the decisions of their courts.

We advise that the amount of damages should be the highest estimate of the superior court.

In this opinion the other judges concurred.