Hart, J.
 

 The sole question raised by the demurrer to plaintiff’s petition in this case is: Does an administrator of the estate of a child who, while viable, suffered a prenatal injury through the alleged negligent act of another and who died approximately three months after its birth as a result of such injury have a cause of action under the wrongful-death statute against such other for damages for the benefit of the parents of such infant?
 

 In the recent case of
 
 Williams, an Infant,
 
 v.
 
 Marion
 
 
 *531
 

 Rapid Transit, Inc.,
 
 152 Ohio St., 114, 87 N. E. (2d), 334, this court held that an unborn viable child injured by another’s negligence may, after birth, maintain an action for such injury. The rationale of this decision is that an unborn viable child is a “person,” within the meaning of Section 16, Article I of the Ohio Constitution, and if injured before birth may after birth maintain an action for such injury. Following the logic of that case, the Court of Appeals in reversing the judgment of the Common Pleas Court in the instant case took the position that, if an unborn viable child is “a person,” its injury by the negligent act of another before its birth resulting in its death after birth gives rise to a cause of action under the wrongful-death statute for the benefit of the next of kin.
 

 Section 10509-166, General Code, a part of the wrongful-death statute, provides as follows:
 

 ‘ ‘ When the death of a person is caused by wrongful act, * * * such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, * * * the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * *
 

 The defendant challenges the reach of this statute to afford the remedy sought in the instant case. In the first place, defendant claims that the statute, as construed in the
 
 Williams case,
 
 gives protection to a child negligently injured before birth, but does not afford a right of compensation to the father or mother or next of kin of such child for the loss of its life in case it dies after birth as a result of such wrongful act. In support of this position the defendant points to the following language in the opinion in the
 
 Williams case:
 

 “ ‘It is a well-settled rule of law relative to succession, and to most other cases in relation to infants, that a child
 
 en ventre sa mere,
 
 as to every purpose for the
 
 *532
 
 benefit of the child, is to be considered
 
 in esse,
 
 though this rule is not applied unless the benefit and interest of the child will thereby be promoted.’ * *
 
 *
 

 “The right of a child to recover for injuries is certainly for the child’s benefit no matter when the injuries were inflicted.”
 

 - A sufficient answer to this contention of the defendant is to say that the language of the opinion just quoted stressed the right of the child to recover because the child was maintaining the action in that case and the language of the opinion was appropriate to that situation. There was no occasion to refer to or discuss the rights of those not interested in or affected by the litigation in that case.
 

 The defendant also maintains that legislative intent is the controlling factor in the interpretation of statutes and that such intent is to be ascertained from what is “consonant to reason and good discretion.” Applying this test the defendant claims that, in the maintenance of the Ohio wrongful-death statute since 1851 in substantially the same language as its present form (Section 10509-166, General Code), there is no indication of an intention to disturb the well established common-law rule that there is no cause of action by a child for prenatal injuries; and that, consequently, so long as that rule was recognized and continued to be the law, the Ohio wrongful-death statute could not apply to a case where the child receiving a prenatal injury died after birth. And, it is urged that this interpretation is indicated by the long acquiescence of the public in the application of this common-law rule, inferred from the fact that no one in this state had the temerity to assert such a right of action during a period of almost one hundred years, until the
 
 Williams case
 
 was instituted and prosecuted, except in a single instance in the case of
 
 Krantz
 
 v.
 
 Cleveland, Akron, Canton Bus Co.
 
 (1933), 32 N. P. (N. S.), 445,
 
 *533
 
 wherein the court held that a minor three years of age could not recover for prenatal injuries resulting from the negligent injury of his mother, because by the overwhelming weight of authority and on the basis of public policy the action was not maintainable.
 

 In other words, it is strongly urged that “since a cause of action in favor of a child for injuries received by it prior to birth did not exist at any of the times the Ohio Legislature enacted or re-enacted the wrongful-death statute, there could not have been, in the mind of any of the legislators, any intention to create a cause of action upon the death of such a child.” (Citing
 
 Buel
 
 v.
 
 United Railways Co.,
 
 248 Mo., 126, 154 S. W., 71.)
 

 In this connection, it is urged that it is a principle of statutory construction that statutes are to be construed in the light of attendant conditions and the state of the law existent at the time of their enactment. Cited, among others, are the cases of
 
 United States
 
 v.
 
 Stewart,
 
 311 U. S., 60, 85 L. Ed., 40, 61 S. Ct., 102, rehearing denied, 311 U. S., 729, 85 L. Ed., 475, 61 S. Ct., 390;
 
 Wayne County Board of Road Commrs.
 
 v.
 
 Lingeman,
 
 293 Mich., 229, 291 N. W., 879;
 
 Dunn
 
 v.
 
 Commr. of Civil Service,
 
 281 Mass., 376, 183 N. E., 889, 87 A. L. R., 998;
 
 Davis
 
 v.
 
 Justice,
 
 31 Ohio St., 359, 364, 27 Am. Rep., 514; and
 
 Barber
 
 v.
 
 Knowles,
 
 77 Ohio St., 81, 86, 82 N. E., 1065, 14 L. R. A. (N. S.), 663.
 

 It is further urged that statutes enacted in delegation of the common law must be strictly construed.
 
 Fulton, Supt. of Banks,
 
 v.
 
 B. R. Baker-Toledo Co.,
 
 128 Ohio St., 226, 190 N. E., 459.
 

 Considering these defensive claims, it must be observed that if we adhere to the interpretation of the word, “person,” used in the statute, as including an unborn “viable child,” as held by this court in the
 
 Williams case,
 
 the language of the wrongful-death statute hereinbefore quoted is clear, unambiguous and
 
 *534
 
 does not require interpretation. The statute needs only to be applied to the facts within the scope of its operation.
 

 On this subject, 50 American Jurisprudence, 205, Section 225, states the law as follows:
 

 “Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses
 
 [sic}
 
 the legislative intention, so that such plain and obvious provisions must control. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity. ’ ’
 

 In the case of
 
 Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.
 
 v.
 
 Naylor, Admr., 73
 
 Ohio St., 115, 120, 76 N. E., 505, 112 Am. St. Rep., 708, wherein the court had before it the interpretation of another phrase of this statute, “next of kin,” Chief Justice Davis said-
 

 £ f * * * ^ is important to note that many years ago this court held that
 
 ‘
 
 where the words of a statute are plain,’ explicit and unequivocal, a court is not warranted in departing from their obvious meaning. ’ This principle of construction was adhered to
 
 * *
 
 *, notwithstanding the fact that the court was convinced by extraneous circumstances that the Legislature intended to enact something very different from that which they did enact.
 
 Woodbury v. Berry,
 
 18 Ohio
 
 *535
 
 St., 456. That case has been cited and approved many times in this court and in the courts of last resort in other states * * *. It must therefore be regarded as laying down a cardinal rule of interpretation, at least for this jurisdiction.”
 

 To illustrate that the wrongful-death statute may be applicable to a cause of action created by a statute enacted subsequent to the enactment of the wrongful-death statute, attention is called to the case of
 
 Lisk, Admr.,
 
 v.
 
 Hora,
 
 109 Ohio St., 519, 143 N. E., 545, wherein the plaintiff brought an action under the wrongful-death statute to recover for the death of his decedent caused by the bite of a dog. The claimed wrongful act was based, not upon common-law negligence of the defendant involving notice of previous vicious propensities and acts of the dog, but upon absolute liability created by the provisions of Section 5838, General Code, which was enacted long after the enactment of the wrongful-death statute, and which provides that the owner or harborer of a dog which injures or kills a person shall be liable for damages thereby incurred.
 

 The Court of Appeals in that case reversed the judgment of the Common Pleas Court in favor of the plaintiff and held that, since the “dog bite” statute was not in effect at the time the wrongful-death statute was enacted, the action should have proceeded under common-law rules. This court, reversing the judgment of the Court of Appeals, held that, although the enactment of the “dog bite” statute did not abrogate the right of the plaintiff to maintain an action at common law for damages from injuries which the owner of the dog negligently suffered such animal to commit, an action may be maintained under the statute as well, and that where death ensues an action may be maintained under the wrongful-death statute.
 

 In that case, Judge Matthias, in the opinion, said:
 

 “The very purpose of Sections 10770 and 10772,
 
 *536
 
 General Code (the enactment into our statute of Lord Campbell’s Act), as clearly shown by the express provisions thereof, is to authorize an action in behalf of the persons therein designated, brought in the name of the personal representative of the deceased, whose death was caused by wrongful act, neglect, or default, such as would have entitled him to maintain such action and recover damages if death had not ensued. Had Beranek lived he would have been entitled, upon proof of the facts which we have seen are essential under Section 5838, General Code, to have recovered damages for whatever injury he sustained through an act which under the provisions of that section was a wrongful act. It would be absurd if one could recover for injuries sustained in such manner, and there could be no recovery on behalf of those damaged if the injuries were sufficiently severe to result in death.”
 

 The defendant in the instant case claims that the plaintiff’s decedent, under the common law existing in this state prior to the decision in the
 
 Williams case,
 
 had no right of action during his lifetime against the defendant, and that if that be true the plaintiff under the plain words of the statute cannot maintain this action. The plaintiff denies the defendant’s assumption as to the state of the common law, and claims that the common law applicable to the facts in this case had never been settled or declared by this court before its pronouncement in the
 
 Williams case
 
 and that plaintiff’s decedent had, before his death, a right of action like that which the plaintiff had in the
 
 Williams case.
 

 This court did not change the common law in the
 
 Williams case
 
 or overrule any prior decision to the contrary. The decision of this court in that case declared the law on the subject matter involved for the first time and the presumption is that the rule announced in the
 
 Williams case
 
 had been the law at and since the time the wrongful-death statute was enacted.
 
 *537
 
 This court, in line with the
 
 Williams case,
 
 must hold that the plaintiff’s petition stated a cause of action.
 
 Verkennes
 
 v.
 
 Corniea,
 
 — Minn., —, 38 N. W. (2d), 838.
 

 In conclusion, this court recognizes that plaintiff’s right of action is subject to all lawful defenses, and that the damages, if any, under the circumstances of this case, must be limited to such pecuniary damage as will probably be suffered by the beneficiaries designated by the statute.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.