WAYNE J. TURSI ET AL. *v.* NEW ENGLAND WINDSOR COMPANY ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 100132

Memorandum filed January 11, 1955.

*Cole & Cole,* of Hartford, for the plaintiffs.

*Warren Maxwell* and *Francis J. McCarthy,* both of Hartford, for the named defendant New England Windsor Co.

*Day, Berry & Howard,* of Hartford, for the defendant J. V. Motor Lines, Inc.

RYAN, J. This is a negligence action arising out of an accident on September 8, 1953, at which time the plaintiff, an unborn child of about eight months' gestation, received injuries. The plaintiff was born on October 27, 1953, and brings this action through his parents as next friends.

Both defendants have demurred to the complaint on the ground that there is no right of action to a child when born for injuries done it before birth. The issue is whether the plaintiff can recover for injuries sustained by him prior to his birth and while a viable fetus. The unborn child "reaches that pre-natal age of viability when the destruction of the life of the mother does not necessarily end its existence also, and when, if separated prematurely and by artificial means from the mother, it would be so far a matured human being as that it would live and grow, mentally and physically. . . ." *Allaire* v. *St. Luke's Hospital,* 184 Ill. 359, 370 (dissenting opinion of *Boggs, J.*).

"Viable . . . Capable of living; physically fitted to live; of a fetus, having reached such a stage of development as to permit continued existence, under normal conditions, outside of the womb." New Century Dictionary. "A viable *foetus* has been defined as one sufficiently developed for extra-uterine survival, normally a *foetus* of seven months or older." *Amann* v. *Faidy,* 415 Ill. 422, 431.

Courts in a majority of jurisdictions deny a recovery without regard to whether or not the fetus was viable, following the Massachusetts case of *Dietrich* v. *Inhabitants of Northampton,* 138 Mass. 14, 52 Am. Rep. 242 (1884). The principal reasons advanced in support of the rule favoring a denial of recovery are as follows: (1) Lack of precedent

in that no case had permitted recovery. *Dietrich* v. *Inhabitants of Northampton,* supra; *Allaire* v. *St. Luke's Hospital,* supra (1900). (2) Stare decisis. *Smith* v. *Luckhardt,* 299 Ill. App. 100 (1939); *Newman* v. *Detroit,* 281 Mich. 60 (1937). (3) Whether a prenatal injury was the cause of the death or the condition of the child would be based upon mere conjecture or speculation. *Stanford* v. *St. Louis-San Francisco Ry. Co.,* 214 Ala. 611 (1926); *Magnolia Coca Cola Bottling Co.* v. *Jordan,* 124 Tex. 347 (1935). (4) The unborn child is a part of its mother; hence no debt is owing to it. *Drobner* v. *Peters,* 232 N.Y. 220 (1921); *Lipps* v. *Milwaukee Electric Ry. & Light Co.,* 164 Wis. 272 (1916). (5) If the action could be maintained, an infant may maintain an action against its own mother for injuries occasioned by the negligence of the mother while pregnant with it. *Allaire* v. *St. Luke's Hospital,* supra. (6) Permitting recovery might give rise to fictitious claims. *Magnolia Coca Cola Bottling Co.* v. *Jordan,* supra. (7) If such a right is to be created, it should be by legislative action rather than judicial decision. *Squillo* v. *New Haven,* 14 Conn. Sup. 500 (1947); *Marden* v. *Enterprise Industries, Inc.,* Superior Court, Hartford County, No. 90013 (1951).

Arguments generally advanced in favor of allowing recovery, at least where the alleged injuries occurred when the child was viable, summarized briefly are as follows: (1) An unborn viable child is capable of independent existence, hence, should be regarded as a separate entity. *Bonbrest* v. *Kotz,* 65 F. Sup. 138 (1946); *Williams* v. *Marion Rapid Transit, Inc.,* 152 Ohio St. 11 (1949). (2) If the law recognizes an unborn child sufficiently to protect its property rights and rights of inheritance, and protects it against the crimes of others, it should recognize its separate existence for the purpose of redressing torts. *Bonbrest* v. *Kotz,* supra; *Williams*

v. *Marion Rapid Transit, Inc.,* supra. (3) If no right of action is allowed, there is a wrong inflicted for which there is no remedy. *Bonbrest* v. *Kotz,* supra; *Montreal Tramways Co.* v. *Leveille,* [1933] Can. Sup. Ct. 456. (4) Natural justice. *Bonbrest* v. *Kotz,* supra, the United States District Court for supra. (5) Absence of precedent is no ground for denying a recovery where a wrong has been committed. *Bonbrest* v. *Kotz,* supra.

In *Woods* v. *Lancet,* 303 N.Y. 349 (1951), an infant who had suffered prenatal injuries during the ninth month of his mother's pregnancy was held to have a cause of action in negligence against the alleged wrongdoer. This case expressly overruled the earlier New York case of *Drobner* v. *Peters,* 232 N.Y. 220 (1921). The holding is confined to prepartum injuries to a viable fetus. In *Bonbrest* v. *Kotz,* supra, the United States District Court for the District of Columbia held that a child which was injured in the process of removal from its mother's womb by the defendant's alleged professional malpractice and which demonstrated its capacity to survive at the time of the injury, was a "viable child" and a person having standing in court to maintain action for its injury. In *Williams* v. *Marion Rapid Transit, Inc.,* supra, it was held that an infant who is an existing viable child en ventre sa mere at time of injury may recover for personal injuries after her birth. In *Lipps* v. *Milwaukee Electric Ry. & Light Co.,* 164 Wis. 272 (1916), the court denied recovery where it appeared that injury had occurred to the child at a time before it "could have been born viable." But it is noteworthy that the court stated (p. 276): "[W]e go no farther than the facts of the case require and hold that no cause of action accrues to an infant en ventre sa mere for injuries received before it could be born viable. Very cogent reasons may be urged for a contrary rule where the

infant is viable. . . . As to such cases we express no opinion."

In *Jasinsky* v. *Potts,* 153 Ohio St. 529 (1950), it was held that under the wrongful death statute an administrator of the estate of a child who, while viable, suffered a prenatal injury through the alleged negligent act of the defendant, and who died about three months after birth as a result of the injury, had a cause of action against the defendant for damages. In *Damasiewicz* v. *Gorsuch,* 197 Md. 417 (1951), it was held that a child in an automobile accident while en ventre sa mere, and who was prematurely born permanently blind in both eyes because of the accident, was entitled to recover in a negligence action. It does not appear whether the fetus was viable at the time of injury, although *Henderson, J.,* in a concurring opinion, urges that the rule should not be applicable unless the fetus is viable. The majority opinion holds (p. 441) that "as soon as [the fetus] becomes alive it has rights which it can exercise. When it becomes alive is a medical question to be determined in each case according to the facts."

In *Tucker* v. *Howard L. Carmichael & Sons, Inc.,* 208 Ga. 201 (1951), where a mother was en route to a hospital for child delivery in an ambulance operated by the defendant, and her unborn child suffered injuries as a result of a collision, it was held that the infant born three hours after the accident could maintain an action against the ambulance owner for damages. In this case the child was obviously viable. In *Amann* v. *Faidy,* 415 Ill. 422 (1953), it was held that the personal representative of a child who, while a viable fetus, received injuries as a result of the defendant's negligence, which injuries, after the child was born, caused his death, was entitled to maintain an action against the defendant for the death of the child. In *Steggal* v. *Morris,* 363 Mo.

1224 (1953), a viable child sustained prenatal injuries in an automobile collision three days before birth, was born alive and died of such injuries eighteen days thereafter. It was held that the parents of the child were entitled to recover against the defendant under the wrongful death statute. In *Verkennes* v. *Corniea,* 229 Minn. 365 (1949), it was held that the personal representative of an unborn child which was viable and capable of separate and independent existence, whose death was caused by the wrongful acts or omission of the physician in charge of the mother and of the hospital in which she was confined, could maintain an action for the wrongful death of the child. In this case the mother died of a ruptured uterus and the child was not delivered. See also 10 A.L.R.2d 1059; 27 A.L.R.2d 1256. *Cooper* v. *Blanck,* 39 So. 2d 352 (La. App. 1923), and *Montreal Tramways Co.* v. *Leveille,* [1933] Can. Sup. Ct. 456, arrive at the same conclusion although based upon the civil law. *Scott* v. *McPheeters,* 33 Cal. App. 2d 629 (1939), permits recovery under a California statute.

While the doctrine of the leading case, *Dietrich* v. *Inhabitants of Northampton,* 138 Mass. 14, has been followed in a number of jurisdictions, it is a harsh doctrine and has brought unfortunate results. The more recent cases where the fetus was viable and born alive have rejected the reasoning of the *Dietrich* case. "To hold, as matter of law, that no viable foetus has any separate existence which the law will recognize is for the law to deny a simple and easily demonstrable fact. This child, when injured, was in fact, alive and capable of being delivered and of remaining alive, separate from its mother. We agree with the dissenting judges below, that, 'To deny the infant relief in this case is not only a harsh result but its effect is to do reverence to an outmoded, timeworn fiction not founded on fact and within

common knowledge untrue and unjustified.'" *Woods v. Lancet*, 303 N.Y. 349. "[T]he fear that the recognition of a right of action in a case of this character will lead to others brought in bad faith and present insuperable difficulties of proof should not influence the decision of the question. It is to be hoped that the law will keep pace with science, and certainly there has been some progress in medical science since 1884. In any event we are concerned here only with the legal question." *Williams v. Marion Rapid Transit, Inc.*, 152 Ohio St. 114.

It is the opinion of the court that the *Dietrich* case should not be controlling in Connecticut. "When these ghosts of the past stand in the path of justice clanking their mediaeval chains the proper course for the judge is to pass through them undeterred." Lord Atkin in *United Australia, Ltd. v. Barclay's Bank, Ltd.*, [1941] A.C. 1, 29.

Where a viable fetus is injured en ventre sa mere through the negligence of the defendants, he has, when born, a cause of action against them.

The demurrer of each defendant is overruled.