### ALICE E. PRATES ET AL. *v.* SEARS, ROEBUCK AND COMPANY

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 81997

Memorandum filed October 6, 1955.

*Vincent Villano,* of New Haven, for the plaintiffs.

*John E. McNerney,* of New Haven, for the defendant.

KING, J. Count two of the above-mentioned action, with certain clarifying amendments with the consent of the defendant at the hearing on the demurrer, purports to set forth a cause of action for damages for personal injuries ultimately resulting in the death of one Christine Ann Prates, the plaintiff administrator's decedent, claimed to have been caused by the defendant's negligence. These injuries are alleged to have been sustained by the decedent en ventre sa mere, and are alleged to have caused (1) her premature birth, (2) ante-mortem pain and suffering during the five days in which she lived after her premature birth and (3) her death. It is alleged that the injuries were caused by the fall of the decedent's mother while she was using an escalator in the defendant's department store. The fall is alleged to have been a proximate consequence of the defendant's negligence. The defendant demurred on the ground that "there is no right of action to a child when born, or to a representative of such child's estate, for injuries claimed to have been done to such child before birth." Thus the basic question argued by the parties is whether the second count of the complaint states a cause of action.

Our wrongful death statute covers both ante-mortem elements of damage, such as pain, suffering and medical expenses, and also damages for death itself where, as alleged in this case, the suit is for "injuries resulting in death." General Statutes, § 8296 (as amended, Cum. Sup. 1953, § 2428c). Under that statute, " 'the right of action arising from any injury to a deceased person by reason of sufferings or disability during life is continued in his personal representative after death with an enlarged right of

recovery for ensuing death' . . . [T]he same right of action [which the decedent would have had if she had suffered injury but had lived] survives the death of the decedent [under the wrongful death statute] with the right of compensation for the death itself, as a proximate result of the tort." *Davis* v. *Margolis,* 108 Conn. 645, 648, 649.

"Under our [wrongful death] statute . . . the cause of action 'which the executor or administrator is permitted to pursue is not one which springs from the death. It is one which comes to the representative by survival. The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent' . . . [T]he cause of action comes to the executor or administrator by survival and is a continuance of that which the decedent could have asserted had he lived . . . ." *Chase* v. *Fitzgerald,* 132 Conn. 461, 467.

The complaint alleges that death resulted from prenatal injuries to a viable fetus subsequently born (although prematurely) alive. Thus the basic inquiry is whether the decedent, had she lived, would have had a right of action for these injuries and other ante-mortem elements of damage. Here she is alleged to have sustained the injuries while en ventre sa mere but "capable of an independent existence." It should be noted that we have no concern with a situation involving prenatal injuries to a non-viable fetus and that the decision herein is strictly limited to the case of prenatal injuries to a viable fetus.

While a slight majority of the jurisdictions in which the question has arisen still deny a recovery in such cases, the trend of modern authority is definitely in favor of its allowance. The cases are collected in annotations in 10 A.L.R.2d 1059, and 27 A.L.R.2d 1256. It is interesting to note that the Court of

Appeals of New York reversed its former holding denying a recovery for prenatal injury to a viable fetus in *Woods* v. *Lancet,* 303 N.Y. 349, 27 A.L.R.2d 1250. And there is language on page 463 in the opinion in *Bliss* v. *Passanesi,* 326 Mass. 461, intimating that a similar rule might have been followed in Massachusetts but for the controlling weight of the precedent established in *Dietrich* v. *Northampton,* 138 Mass. 14.

The arguments pro and con are assembled in the foregoing annotations and well summarized in our own Superior Court case of *Tursi* v. *New England Windsor Co.,* 19 Conn. Sup. 242. There is no occasion to repeat them here. We have in Connecticut no decision of our Supreme Court of Errors on the question. This leaves us unfettered by precedent from our court of last resort. While it is true that recovery was denied in our Superior Court case of *Squillo* v. *New Haven,* 14 Conn. Sup. 500, the decision was based squarely on precedents from other jurisdictions and the trend of such precedents has definitely changed since the *Squillo* case was decided. A similar result was reached in 1951 in our Superior Court in *Marden* v. *Enterprise Industries, Inc.,* an unreported decision in Hartford County (No. 90013). This latter decision was based on the *Squillo* case.

A rule of law that a child who has been rendered permanently blind or deformed as a result of prenatal injuries caused by the tort of another must go through life so handicapped without remedy should be carefully scrutinized and considered before adoption. It seems to the court that the modern trend of authority should control. Such was the holding in *Tursi* v. *New England Windsor Co.,* supra.

There remains the question of the right of action for the death itself. As previously pointed out, this

is given under our wrongful death statute where, as here, the death results from injuries for which the decedent would have had a right of action had she survived. Under the foregoing holding that she would have had a right of action for her prenatal injuries had she lived, it necessarily follows that her personal representative succeeds to the decedent's right of action for ante-mortem injuries enhanced by the added element of damage for the death itself. This latter rule is almost universally supported by precedents from all jurisdictions, the divergence in results flowing from the difference of opinion on the primary question of whether damages for nonfatal prenatal injuries to a viable fetus are recoverable. See notes, 10 A.L.R.2d 1059, 1069, 10 A.L.R.2d 639, and 27 A.L.R.2d 1256, 1258.

For the foregoing reasons the defendant's demurrer (No. 2 in file) to count two of the plaintiff's complaint is overruled.