FESS, J., of the Sixth Appellate District, sitting by designation in the Tenth Appellate District.

STIDAM, ADMX., APPELLANT, *v.* ASHMORE, APPELLEE.*

(No. 264—Decided May 19, 1959.)

*Messrs. Smith, Clark & Holzapfel,* for appellant.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. George K. Frater,* for appellee.

CRAWFORD, J. This case presents the question, hitherto undetermined in Ohio, whether an action may be maintained for the wrongful death of a viable unborn child which is subsequently stillborn.

The petition of plaintiff, appellant herein, administratrix of such a child, Patricia Sue O'Brien, alleged negligence of the defendant on March 1, 1957, which proximately caused the death

---

*Motion to certify the record dismissed by agreement of parties, October 7, 1959.

of such child between that date and its stillbirth on, March 6, 1957.

A demurrer to the petition was sustained and judgment of dismissal entered. This appeal is from such ruling and judgment.

The assignments of error are as follows:

1. The court erred in sustaining the demurrer of the defendant-appellee to the petition of the plaintiff.

2. The court erred in holding that the plaintiff's position (petition) does not and cannot state a cause of action.

3. The court erred in entering final judgment in favor of the defendant-appellee.

It would be futile to attempt to reconcile the varied and conflicting decisions in different states upon the question of the existence of any right of action for injury to an unborn child. Ohio is committed to the minority view recognizing such right. *Williams, an Infant,* v. *Marion Rapid Transit, Inc.,* 152 Ohio St., 114, 87 N. E. (2d), 334. The Supreme Court also recognizes the right of the administrator of a child which is born alive, but subsequently dies, to bring an action for the wrongful death of such child as the result of prenatal injuries. *Jasinsky, Admr.,* v. *Potts,* 153 Ohio St., 529, 92 N. E. (2d), 809. It is our view that the language and the logic of the Supreme Court in these two cases points to the existence of a right of action in the present case.

Section 2125.01, Revised Code, confers a right of action for wrongful death. The section reads, in its pertinent part:

"When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued * * * the person who would have been liable if death had not ensued * * * shall be liable to an action for damages notwithstanding the death of the person injured * * *."

There has been considerable judicial discussion as to whether a viable unborn child is a person. Many courts have determined that it should be so considered where a benefit will result to the child. Apparently in view of the frequent existence of such purpose of benefiting the child, some have encountered great difficulty in determining whether such a child is to be considered a person for other purposes.

It is our view that a viable unborn child is either a person or not a person, and that to consider it one or the other for all purposes would resolve most of the conflict and uncertainty on the present question.

The Supreme Court has determined that such a child is a person, *Williams, an Infant,* v. *Marion Rapid Transit, Inc., supra* (152 Ohio State, 114), and is therefore entitled to the constitutional rights of a person under that provision of Section 16, Article I of the Constitution, which reads:

''All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. * * *''

Judge Matthias, speaking for the entire court in the *Williams case,* said, at page 127:

''* * * the question presented to this court is within a very narrow scope: Was the plaintiff *at the time of her injury* a person within the meaning of Section 16, Article I of the Constitution?'' (Emphasis added.)

Continuing, Judge Matthias answered that question, at page 128:

''To hold that the plaintiff in the instant case did not suffer an injury in her person would require this court to announce that as a matter of law the infant is a part of the mother until birth and has no existence in law until that time. In our view such a ruling would deprive the infant of the right conferred by the Constitution upon all persons, by the application of a time-worn fiction not founded on fact and within common knowledge untrue and unjustified.''

Such conclusion is supported by accepted scientific proof.

The latest guide supplied us by the Supreme Court is the case of *Jasinsky, Admr.,* v. *Potts, supra* (153 Ohio State, 529), wherein the reasoning of the *Williams case* is followed. Whereas the *Williams case* involved an action begun on behalf of a living infant for prenatal injuries, the *Jasinsky case* was one for wrongful death of a child who was born alive but subsequently died as a result of prenatal injuries.

While the Supreme Court has not yet been called upon to decide whether a cause of action exists for the wrongful death

of a viable child which occurred shortly before its birth, it is our view that the principles declared by that court in these two cases lead logically and irresistibly to the conclusion that such a cause of action does exist.

Those earlier words of the court, repeated and approved in the *Jasinsky case,* although originally used in a different kind of case, express the logic of our conclusion:

" '* * * It would be absurd if one could recover for injuries sustained in such manner, and there could be no recovery on behalf of those damaged if the injuries were sufficiently severe to result in death.' " *Jasinsky, Admr.,* v. *Potts, supra* (153 Ohio St., 529), at page 536.

The wrongful death statute, Section 2125.01, Revised Code, grants a derivative right. The test of the existence of that right is that the injury "would have entitled the party injured to maintain an action and recover damages if death had not ensued." If death had not ensued, the child in our present case would have been entitled to maintain an action. We are unable to reconcile the two propositions, that if the death occurred after birth there is a cause of action, but that if it occurred before birth there is none. Or, to adapt the words of the Supreme Court just quoted, it would be absurd if recovery could be had for such injuries, unless those injuries were so severe as to cause death before birth.

Such a distinction could lead to bizarre results. Suppose, for example, viable unborn twins suffered simultaneously the same prenatal injury of which one died before and the other after birth. Shall there be a cause of action for the death of the one and not for that of the other? Surely logic requires recognition of causes of action for the deaths of both, or for neither. Inasmuch as the Supreme Court has already determined that there is a cause of action in the case of the one, we can see no valid reason for denying it in the other.

It is true that there is language in the *Williams case* indicating that if the child did not survive, no right of action could accrue to it so as to survive in favor of the child's representative. This language was *obiter,* being unnecessary to the decision in that case. Cognate language in that decision to the effect that the child was to be considered *in esse* only when the

benefit of the child would thereby be promoted is disposed of by the court in the *Jasinsky case* (153 Ohio St.), at page 532, as follows:

"A sufficient answer to this contention of the defendant is to say that the language of the opinion just quoted stressed the right of the child to recover because the child was maintaining the action in that case and the language of the opinion was appropriate to that situation. There was no occasion to refer to or discuss the rights of those not interested in or affected by the litigation in that case."

In view of the positive implications in the latter case, we feel no compulsion to follow these dicta to the contrary in the earlier case.

We recognize that there may be procedural and technical problems involved in the pursuit of the plaintiff's right of action in the present case. But once we have accepted the basic proposition that the decedent was a person at the time of injury, the substantive rights necessarily resulting from that fact may surely be enforced, whatever may be the practical difficulties involved.

It is our conclusion that the demurrer to the petition should have been overruled, that plaintiff's petition stated a valid cause of action, and that judgment should not have been entered for the defendant. The several assignments of error are therefore well taken.

The judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

KERNS, J., concurs.

WISEMAN, P. J., dissenting. I respectfully differ from my associates on the application of the law to the facts in this case.

The question presented is: Does the personal representative of an unborn viable child, who later was stillborn and who died as a result of injuries suffered by the mother and child by reason of the negligence of a third person, have an action for wrongful death against such third person? The court below answered in the negative.

Plaintiff states her position as follows:

"An unborn viable child may bring an action for *personal injuries* inflicted while en ventre sa mere after birth, for the reason that a viable child is a person within the meaning of Section 16, Article I of the Ohio Constitution.

"If an unborn viable child is a person and could bring an action for injuries if he survived, then the wrongful death statute 2125.01, Revised Code, clearly creates a new cause of action for the benefit of decedent's next of kin.

" 'Next of kin' is a generic term and must be interpreted in the light of its intended use."

The position of defendant has been summarized as follows: Because the court has no jurisdiction of the subject of the action, because the plaintiff is improperly appointed and has no legal capacity as such, and because no cause of action is stated in the petition, the judgment of the Common Pleas Court should be affirmed.

The plaintiff cites the wrongful death statute, which is Section 2125.01, Revised Code, and which in part provides:

"When the death of a *person* is caused by wrongful act, neglect, or default *which would have entitled the party injured to maintain an action and recover damages if death had not ensued,* * * * the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *." (Emphasis ours.)

Plaintiff contends that this statute must be interpreted in light of the existing law and cites the case of *Williams, an Infant,* v. *Marion Rapid Transit, Inc.,* 152 Ohio St., 114, 87 N. E. (2d), 334, the syllabus of which reads as follows:

"1. Section 16 of Article I of the state Constitution, requires that 'all courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.'

"2. Injuries wrongfully inflicted upon an unborn viable child capable of existing independently of the mother are injuries 'done him in his * * * person' within the meaning of Section 16, Article I of the Constitution and, subsequent to his birth, he may maintain an action to recover damages for the injury so inflicted."

The plaintiff reasons that because of the ruling of the court in the *Williams case* the plaintiff's right to bring an action for wrongful death is clearly embraced in the words of the wrongful death statute wherein it provides that "the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person involved * * *." The distinction between the *Williams case* and the case at bar is a vital one, and is this: In the *Williams case* the injured unborn viable child was later born alive and brought an action for damages for injuries suffered before birth; in the case at bar the injured unborn viable child was never born alive. The court in the *Williams case*, in distinguishing that case from the case of *Dietrich, Admr.,* v. *Inhabitants of Northampton* (1884), 138 Mass., 14, 52 Am. Rep., 242, where the child showed some life for 10 or 15 minutes after birth and the court denied a wrongful death action brought by the administrator of such child, said on page 128:

"In the *Dietrich case* one test imposed was, 'whether an infant dying before it was able to live separated from its mother could be said to have become a person recognized by the law as capable of having a *locus standi*.' Let us be reminded that in the instant case we are dealing with a viable child, one capable of living and which demonstrated its capacity to survive by surviving."

In the main the rationale of the opinion in the *Williams case* has little or no application to the facts in the case at bar. Neither does the case of *Jasinsky, Admr.,* v. *Potts,* 153 Ohio St., 529, 98 N. E. (2d), 809, furnish a precedent, for in that case, while the court recognized a cause of action for wrongful death resulting from prenatal injuries to a viable child, the child was born alive and died three months after birth.

Due recognition is given to the rule stated in the *Williams case,* that a child *en ventre sa mere* is considered *in esse* relative to the succession of property for every purpose for the benefit of the child; 28 Ohio Jurisprudence (2d), 541, 542, Section 3. This rule is only applied where the benefit and interest of the child will thereby be promoted. Thus the child must be born alive to secure the benefits of this rule. This rule does not extend to a stillborn child. Furthermore, an action for wrongful

death cannot benefit the deceased child; such action is for the benefit of others.

Section 2125.01, Revised Code, provides that an action for wrongful death may be brought when the deceased person would have been entitled to bring a personal injury action if death had not ensued. This statute contemplates a factual situation giving rise to a right of action for personal injury before death of the person injured. The test is: Could the deceased have brought an action for personal injury a moment prior to death? In the instant case the stillborn child could not have brought an action for personal injuries. The essential factual situation being nonexistent, a right of action for wrongful death is not authorized.

Section 2125.02, Revised Code, in part provides:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent."

Do the words, "deceased person," as used in the above section, include a stillborn infant? I think not. A distinction must be made between an action brought for the benefit of the child, and an action for the benefit of the next of kin. The former action existed at common law, the latter was created by statute. Since an action for wrongful death was unknown at common law, and being wholly statutory in origin, it must stand or fall by the terms of the statute under which recovery is sought. Unless the statute expressly confers the right of action, none exists. The wrongful death statute, being in derogation of the common law, must be construed strictly. 37 Ohio Jurisprudence, 728, Section 408.

Is a stillborn child a "person" within the meaning of Section 2125.01, Revised Code, or a "deceased person" within the meaning of Section 2125.02, Revised Code? I do not think so. The "person" and "party injured" refer to a living person. The "person" must be born alive and later die as the result of injuries suffered either before or after birth. The facts in the case of *Drabbels, Admr., v. Skelly Oil Co.* (1951), 155 Neb., 17, 50 N. W. (2d), 229, are similar to the facts in the case at bar. In that case the court held:

"1. A child born dead cannot maintain an action at common law for injuries received by it before its birth.

"2. Since no cause of action accrues to a child born dead for prenatal injuries, none survives to the personal representative under the wrongful death statute."

Our own Supreme Court in the *Williams case, supra* (152 Ohio St., 114), in commenting on the *Dietrich case,* made a significant statement which, although obiter dictum, has application to the set of facts in the instant case, in determining whether the action is one which falls within the wrongful death statute. On page 120 the court said:

"The significant fact, however, is that the child could not survive and no right of action therefore accrued to the child, which could survive in favor of the child's representative."

An action for wrongful death is brought in the name of the personal representative of the deceased person. Can there be a personal representative for a stillborn child? Is it within the contemplation of the statute controlling the issuance of letters of administration by the Probate Court that an administrator may be appointed for a child which was stillborn? Section 2113.01, Revised Code, in part provides:

"Upon the death of a resident of this state intestate, letters of administration of his estate shall be granted by the Probate Court of the county in which he was a resident at the time he died."

The examination of this and other related sections contemplates the decease of a living person capable of owning, holding, conveying and passing property, either by will or under the laws of descent and distribution. By the same process of reasoning, a stillborn child cannot have "next of kin" within the meaning of the wrongful-death statute.

These same questions were presented to the court in the case of *Hogan* v. *McDaniel* (1958), — Tenn., — , 319 S. W. (2d), 221, 15 Auto. Cas. (2d), 1125, and were resolved against the right to bring an action for wrongful death of an unborn viable child. The court ruled that an unborn viable child is not a "person" within the meaning and contemplation of the wrongful death statute.

The question presented here is the subject of annotation in 10 A. L. R. (2d), 639, under the topic "Action for Death of Un-

born Viable Child." The majority rule is stated on page 640 as follows:

"Although cases concerning the right to maintain an action for the wrongful death of an unborn child are few in number, the question as to the right to recover for the loss of a child has arisen in several cases involving actions for personal injuries resulting in a miscarriage. While such injuries are actionable, and compensation may be awarded for the physical and mental sufferings occasioned by the miscarriage, it is generally held that recovery cannot be had for the death of the unborn child. To this effect see the following cases: [Here are enumerated cases from the United States courts and specific cases from 14 different states.]"

In 25 Corpus Juris Secundum, 1087, Section 21, it is stated: "* * * An expectant mother sustaining personal injuries as a result of which her child is born dead, has no cause of action for the death of the child, the child not being regarded as a person until born alive."

In 16 American Jurisprudence, 56, Section 75, the rule is stated as follows:

"Although there is authority to the contrary, the weight of authority supports the rule that, in the absence of statute, a prenatal injury affords no basis for an action for wrongful death by the parents or personal representative of the child. This is true where the statute giving a right of action for wrongful death is construed as conferring such right only where the injured person could himself have maintained an action for damages had he lived, and a child so injured is regarded as having no right of action." (Cases cited in footnote.)

Research on this subject discloses that the majority rule is followed in 15 jurisdictions, and the minority rule in two jurisdictions. I am constrained to adhere to the majority rule which holds that there can be no recovery for the wrongful death of a child which is afterwards stillborn. Any change in the law should come by legislative action and not by judicial decision.

In my opinion the trial court had no jurisdiction of the subject matter; the plaintiff had no legal capacity to sue, and the petition did not state facts sufficient to constitute a cause of action. The judgment should be affirmed.