David Gorke, Administrator, et al. *v.*
Audrey Le Clerc

Superior Court      Hartford County      File No. 127371

Memorandum filed January 31, 1962

*Lessner, Rottner, Karp & Jacobs,* of Manchester, for the plaintiffs.

*Schofield, Fay & Courtney* and *Bieluch, Barry & Covello,* of Hartford, for the defendant.

House, J. The substance of the plaintiff's complaint is that plaintiff is the administrator of the estate of Baby Boy Gorke, that the baby was en ventre sa mere and due to be born in about two weeks when, as the result of the defendant's negligent operation of her automobile, he was killed and caused to be born dead. To this complaint the defendant has demurred on the ground that there is no right of action to a stillborn child or to the representative of such stillborn child's estate for injury or death which occurred to the child before birth.

The demurrer admits for the purpose of the present proceeding the truth of the allegations of the complaint. *Vogel* v. *Bacus,* 133 Conn. 95, 97; *Hardy* v. *Scott,* 127 Conn. 722, 723. It should also

be noted that although the complaint does not expressly allege that the fetus was viable at the time of injury and such an allegation would seem necessary in most circumstances, that such was the situation here is conceded by the defendant. Accordingly, as stated in the defendant's brief, "the specific issue raised by the defendant's demurrer is whether or not recovery by an administrator is warranted for the death of a stillborn child where the fetus was viable at the time of the alleged injury which produced the death." There appears to be no reported decision of a Connecticut court on this issue.

Basic to a determination of the issue is the history and language of Connecticut's so-called "death statute," which is now § 52-555 of the General Statutes, and our "survival of actions statute," § 52-599. They provide, in part, as follows: "Sec. 52-599. No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. . . ." "Sec. 52-555. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages . . . ."

In the absence of such statutes the common law governs. At common law two relevant principles were clearly established. One was expressed in the maxim "actio personalis moritur cum persona" (a personal right of action dies with the person). Under this principle, one's death, whether due to an actionable wrong or to natural causes, abates a pending action for personal injuries, or, if suit for the wrong has not been instituted, bars a representative from enforcing the right which the decedent had possessed during his life to recover damages from the tort-feasor. The other common-

law rule was that the destruction of human life is not an actionable injury. Both of these common-law rules formed part of our law and prevail today except as modified or changed by statute. *Broughel* v. *Southern New England Telephone Co.,* 72 Conn. 617, 620; *Mitchell* v. *Hotchkiss,* 48 Conn. 9, 16; *Connecticut Mutual Life Ins. Co.* v. *New York & N.H.R. Co.,* 25 Conn. 265, 272.

It is unnecessary in this memorandum to trace the detailed history of statutory modification of these "barbaric" common-law rules. They are well noted in many opinions, among which are those just cited. See also *Kling* v. *Torello,* 87 Conn. 301; *Porpora* v. *New Haven,* 122 Conn. 80; *Perlstein* v. *Westport Sanitarium Co.,* 11 Conn. Sup. 117. In the latter opinion (p. 120) *O'Sullivan, J.,* makes the cogent comment: "These rules, which not infrequently are thought of as a single, composite legal principle, are, in truth, separate and distinct and a failure to appreciate this fact may lead to confused thinking."

It suffices to note that statutory alleviation of the harsh common-law rules followed two separate and distinct theories. They are well differentiated by *Prentice, C. J.,* in *Kling* v. *Torello,* supra, 304. One line of approach followed Lord Campbell's Act, 9 & 10 Vict. c. 93, on a "new cause of action" theory. Under this approach, a right of action is given, where death results from injuries, which is entirely independent of and unrelated to any which the deceased might have had in life. It does not rest upon the basis of an injury suffered by the deceased's estate; its foundation is the loss sustained by certain persons designated as beneficiaries of the recovery. Ibid., and cases there cited.

The other theory is known as the "survival theory," and it is this principle which Connecticut

has followed since the first "death statute" was adopted here. See Public Acts 1848, c. 5; and for the predecessor of present § 52-555, see Public Acts 1877, c. 78. The principle is well set forth by *Prentice, C. J.,* in *Kling* v. *Torello,* supra, 305, as follows: "The right of recovery for the death which our statute gives is not one which is independent of or unrelated to the right of action which was in the deceased at his death. Our statute is framed upon an entirely different theory, and effectuates quite a different policy. *Goodsell* v. *Hartford & N.H. R. Co.,* 33 Conn. 51, 55. The right of action which the executor or administrator is permitted to pursue is not one which springs from the death. It is one which comes to the representative by survival. The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent. The amount of recovery is determined from the standpoint of the deceased, and not from that of the statutory beneficiaries. Its measure, within the statutory limitation, is the value of life to him whose life has been cut off. *Broughel* v. *Southern New Eng. Tel. Co.,* 73 Conn. 614, 620, 48 Atl. 751. When one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death. *Broughel* v. *Southern New Eng. Tel. Co.,* 73 Conn. 614, 617, 48 Atl. 751. There cannot be two recoveries. *Goodsell* v. *Hartford & N.H. R. Co.,* 33 Conn. 51, 55; *McElligott* v. *Randolph,* 61 Conn. 157, 159, 22 Atl. 1094. If the injured man survives to recover, he recovers once for all; if he dies before recovery his executor or administrator stands in his place. The survival statute operates to transfer to the representative the right of action which the deceased had for his sufferings and disability during life, while the death enlarges his right of recovery by per-

mitting an award of additional damages for the death itself as one of the harmful results of the wrongful act. The court is by the statute, as it was not by the common law, authorized to take that event into consideration, as it might any other physical development consequent upon the injuries, whether occurring before or after action brought. The new event is not regarded as one which creates a cause of action, but one which has a bearing upon the award of damages. Instantaneous death may of itself bring into existence a right of action which is confined in the matter of recovery to the event of death. *Murphy* v. *New York & N. H. R. Co.*, 30 Conn. 184, 188. But if the death is not instantaneous, the right of action is not so confined. It reaches back to the antecedent harmful results, and the death is, by force of the statute, made one of the incidents in the story of results which is material in a determination of the amount of recovery to which the representative is entitled. *Broughel* v. *Southern New Eng. Tel. Co.*, 73 Conn. 614, 617, 48 Atl. 751."

The rule has been frequently reaffirmed. *Overlock* v. *Ruedemann*, 147 Conn. 649, 651; *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 668; *Mickel* v. *New England Coal & Coke Co.*, 132 Conn. 671, 675; *Chase* v. *Fitzgerald*, 132 Conn. 461, 467.

While the Supreme Court of Errors has not passed upon the question, two well-reasoned Superior Court decisions have held that in this jurisdiction where a viable fetus, that is, one capable of living outside the womb, is injured through negligence, the child has, when born, a cause of action against the wrongdoer. *Tursi* v. *New England Windsor Co.*, 19 Conn. Sup. 242; *Prates* v. *Sears, Roebuck & Co.*, 19 Conn. Sup. 487. In the latter case, decided on demurrer, the child sustained prenatal injuries which caused her premature birth and death five days after birth. Judge King's

opinion concludes (p. 491): "Under the foregoing holding that she would have had a right of action for her prenatal injuries had she lived, it necessarily follows that her personal representative succeeds to the decedent's right of action for antemortem injuries enhanced by the added element of damage for the death itself."

With the decisions in the *Tursi* and *Prates* cases, Connecticut joined the growing number of jurisdictions recognizing liability for prenatal injuries to a viable fetus. As Judge Graven noted in *Wendt* v. *Lillo,* 182 F. Sup. 56, 62 (N.D. Iowa), "[s]eldom in the law has there been such an overwhelming trend in such a relatively short period of time as there has been in the trend toward allowing recovery for prenatal injuries to a viable infant." The cases are noted and well considered in the *Tursi* and *Prates* opinions, supra. See also annotations, "Prenatal injury as ground of action," 27 A.L.R.2d 1256, 10 A.L.R.2d 1059. For an interesting, nontechnical discussion of the development and change in the law by judicial decision in New York, reference is made to chapter I, entitled "When Life Begins," in the recent book, "Decision at Law," by Justice David W. Peck.

Implicit in the principle that damages for nonfatal prenatal injuries to a viable fetus are recoverable is a recognition that there exists to such an unborn child a duty of care for the breach of which the wrongdoer may be held liable. Our statutes preserve and continue causes of action for "injuries resulting in death," and it logically follows under our survival statute that the personal representative of the child may prosecute the cause of action where the prenatal injuries result in death. In all reason and logic it can make no difference in liability whether the wrongfully inflicted injuries to the viable fetus result in death just prior to birth or

in death just after birth. Our law has always been solicitous for the benefit of a child even to the extent that for purposes of inheritance "[a] child is considered in being from the time of its conception, where it will be for the benefit of the child to be so considered." *Cowles* v. *Cowles,* 56 Conn. 240, 247.

It is concluded, therefore, that where a fetus has reached that stage of prenatal development where it is capable of independent life apart from its mother, such a stage of development as to permit continued existence, under normal conditions, outside of the womb, if such child dies in the womb as the result of the negligence of some third person, then the personal representative of that child may, under the provisions of §§ 52-555 and 52-599 of the General Statutes, maintain a cause of action in its behalf for such injuries and death.

There is respectable authority to the contrary. See *Drabbels* v. *Skelly Oil Co.,* 155 Neb. 17; *Howell* v. *Rushing,* 261 P.2d 217 (Okla.); *Hogan* v. *McDaniel,* 204 Tenn. 235; *Norman* v. *Murphy,* 124 Cal. App. 2d 95. However, recovery is now permitted in many jurisdictions. See *Wendt* v. *Lillo,* 182 F. Sup. 56 (N.D. Iowa); *Verkennes* v. *Corniea,* 229 Minn. 365; *Mitchell* v. *Couch,* 285 S.W.2d 901 (Ky.); *Rainey* v. *Horn,* 221 Miss. 269; *Poliquin* v. *MacDonald,* 101 N.H. 104; *Amann* v. *Faidy,* 415 Ill. 422; *Stidam* v. *Ashmore,* 109 Ohio App. 431; see also annotation, "Action for death of unborn child," 10 A.L.R.2d 639. The latter authorities are persuasive and, in the light of our existing Connecticut decisions, it must be concluded that the complaint does state a good cause of action.

The demurrer is overruled.